## Richmond

Joseph T. Flakne v. Chesapeake and Potomac Telephone Company of Virginia.

April 26, 1957.

Record No. 4676.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*John Alexander* (*Leon Ben Ezra; Alexander, Kelly & Jennings*, on brief), for the plaintiff in error.

*Robert J. McCandlish, Jr.* (*Hugh B. Marsh; Sam Houston; Richardson, McCandlish, Lillard, Marsh & Van Dyck*, on brief), for the defendant in error.

Whittle, J., delivered the opinion of the court.

Flakne sued the telephone company for personal injuries sustained when he ran into a guy or brace wire alleged to have been negligently installed on a pole on private property. He claimed that the wire was not equipped with a suitable guard or shield.

The company answered denying primary negligence. It denied the injuries complained of, and asserted that even if Flakne was injured as alleged, his own contributory negligence, as a matter of law, barred his recovery.

A jury was empanelled to try the issues, and after the introduction of plaintiff's evidence defendant's motion to strike was sustained and the jury returned a verdict in its favor, upon which judgment was entered. To the entering of the judgment plaintiff assigned errors which he says present the following questions for our consideration:

"1. Did plaintiff's evidence establish a *prima facie* case to such an extent as to make defendant's negligence a question for the jury?

"2. Did plaintiff's evidence establish, as a matter of law, his own contributory negligence or was the question of plaintiff's contributory negligence properly one to be submitted to the jury?"

The accident complained of occurred in the daytime, "before four o'clock", on the afternoon of November 27, 1954. Flakne was 56 years of age, five feet ten inches tall, and weighed 195 pounds. According to his testimony he was in good health and had good eyesight. He lived in Washington, D. C., and owned a log cabin in "Gunston Manor", Fairfax County, where he occasionally went for week-end visits. The cabin was located opposite the dwelling of Mrs. Devine. Both properties were on a road or lane marked "Private Drive". The traveled portion of the road was about the width of a car.

The Devine home had a picket fence in front, and on the lawn between the fence and the road the Virginia Electric and Power Company had at some time in the past erected a power line pole, to which had been attached a shielded guy or brace wire 5/16ths of an inch in diameter and which was anchored to the ground through means of a "dead man".

On July 29, 1953, the telephone company placed certain of its wires on the power pole and attached to the pole another guy wire 3/16ths of an inch in diameter which was affixed to the same "dead man" as that of the power company. The telephone company's guy wire formed a triangle inside the one formed by the guy wire of the power company and was not equipped with a shield.

There were two entrances to Mrs. Devine's home, one on the right (facing the house) through a gate in the picket fence, and another located up the driveway, passing the fence, which led to another part of the house, both of which entrances were normally used.

On the day of the accident Flakne was watching the Army-Navy football game on television in the residence of Mrs. Devine as the guest of her son. The television was located in the living-room near the center of the house. Between the third and fourth quarters of the game Flakne realized that the game would not be over before his dinner hour, so he "ran" to his home to request his wife to delay dinner. His route of travel was from the end of the picket fence next to the driveway, across the Devine lawn, to his front door. In making this trip he successfully "ran" under both guy wires.

Flakne remained at the cabin only long enough to request his wife to delay dinner, after which he attempted to retrace his steps to the Devine residence, "running fast", when he struck the telephone guy wire and was injured.

Flakne testified that from July 29, 1953, when the telephone guy wire was installed, until November 27, 1954, when he was injured, he had visited his cabin on an average of once a month with Mrs. Flakne, and on an average of twice a week alone, for the purpose of caring for pets which were kept at the cabin. Thus, according to his testimony, over the sixteen-month period he had passed within a few feet of the installation 154 times, and he says he never noticed it until he struck the guy wire.

A representative of the telephone company was called as an adverse witness and read a provision from the National Electrical Safety Code which provides: "The ground end of all guys attached to ground anchors *exposed to traffic* shall be provided with a substantial and conspicuous wood or metal guard not less than eight feet long." (Italics supplied) This witness stated, however, that the installation here involved, situated as it was on the lawn, off the private driveway, could not be classified as one "exposed to traffic" as contemplated by the Safety Code.

Before acting upon the telephone company's motion to strike, the court and jury visited the scene of the accident and viewed the premises.

In describing the return trip to the Devine home, Flakne said:

"Well, running back— I ran back, I run quite a bit. And this time I was running fast and ducking the shielded wire and the post, not seeing the guy line, I hit it, and I hit it, and in that football game, no one in the game hit the line as hard as I did, * * *."

Plaintiff conceded that he could see the installation from the point where he usually parked his car upon his various visits to the cabin

but admitted that he had never noticed the pole or the guy wires. He said, "If I saw it, it never registered on my mind."

In the light of Flakne's testimony, and assuming but not deciding that the telephone company was guilty of negligence, in our view plaintiff was guilty of contributory negligence, as a matter of law, which barred his recovery.

Plaintiff was impatient to return and watch the game, and while "running fast" over this rather unusual route to the Devine home, without looking to see where he was going, he ran into the guy wire which he conceded he could have seen had he been looking. Under these circumstances he was guilty of contributory negligence. One cannot charge another in damages for negligently injuring him when his own failure to exercise due and reasonable care was responsible for the occurrence of which he complains. 38 Am. Jur., Negligence, § 174, pp. 848-850; 13 M. J., Negligence, §§ 24, 25, pp. 536-539.

The judgment is

*Affirmed.*