## Staunton

ANNE L. FINCK, ET AL., INDIVIDUALLY AND T/A, ETC. v. JOHN LUTHER BROCK.

September 8, 1961.

Record No. 5273.

Present, All the Justices.

The opinion states the case.

*William L. Ward*, for the plaintiffs in error.

*C. Lydon Harrell, Jr.,* for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

 The plaintiff, John Luther Brock, brought this action for damages against the defendants, Anne L. Finck and William Edward Finck, individually and trading as Finck Bus Line, charging them with negligence when their agent and operator stopped their bus at a dangerous place to discharge passengers, as a result of which the plaintiff was struck by a bicycle while alighting from the bus and caused to suffer serious bodily injuries. There was a jury trial which resulted in a verdict for the plaintiff in the amount of $10,000, upon which judgment was entered, and the defendants are here on a writ of error.

The defendants have assigned numerous grounds of error which present the following questions: (1) Were the defendants guilty of primary negligence? (2) If they were guilty of primary negligence was their negligence a proximate cause of the plaintiff's injuries or was the negligence of the bicycle rider the sole proximate cause of the plaintiff's injuries? (3) Was the plaintiff guilty of contributory negligence as a matter of law? (4) Did the court err in granting certain instructions? (5) Should a mistrial have been granted because of the statements of plaintiff's counsel that the plaintiff had seven children?

The decisive question in the case is whether the plaintiff was, as a matter of law, guilty of contributory negligence which proximately caused his injury. We think that he was. Hence it will not be necessary to discuss the other questions raised. Contributory negligence of the party injured presupposes negligence on the part of the party causing the injury.

The plaintiff having obtained a jury verdict, the evidence will be stated in the light most favorable to him.

The defendants owned a private bus which was operated to transport the plaintiff and other workmen residing in the city of Portsmouth to and from their place of employment at the Naval Air Station in the city of Norfolk. The bus was operated by a fellow workman and the riders paid $3.00 a week for this transportation.

After working hours on December 20, 1958, the bus returned to the city of Portsmouth at approximately 4:40 P.M. and proceeded south on Fourth street, which is a main thoroughfare over four lanes

wide, to discharge passengers at its intersection with Harrison street. It had been raining and water was standing in the gutters and over the curbstones along Fourth street. Automobiles were parked along the western curb line of Fourth street, with the nearest car approximately ten feet north of its intersection with Harrison street. The bus, which was described as a very long one, was stopped at the intersection by its driver at an angle of approximately forty-five degrees to the sidewalk and street curb, with the front of the bus about ten feet from the curb, in order that passengers who were leaving the bus at that corner might have a dry place in the street on which to alight. The rear of the bus extended back to the center line of Fourth street and it was necessary for traffic traveling south on Fourth street, and desiring to pass the bus while it was thus stopped, to either cross over the white line into the lane for northbound traffic or to pass between the right side of the bus and the street curb line. A fourteen-year-old boy, who had been following the bus on his bicycle, proceeded into the area between the curb line of the street and the stopped bus and struck the plaintiff while he was alighting therefrom.

The plaintiff testified that he looked to the back of the bus when he was getting off but he was unable to see oncoming traffic because his view was obstructed on account of the construction of the bus with its high sides and seats, small windows, and a deep well to step in at the door, and stated that you "can't see anything until you step off the bus." After putting one foot on the street he was struck by the bicycle, which he had not seen.

The plaintiff was a paying passenger but the defendants' transportation service was that of a contract carrier and not a common carrier. Thus, the defendants' duty to the plaintiff was that of ordinary care and not the highest degree of practical care. *Jamison* v. *Richardson*, 198 Va. 190, 193, 93 S. E. 2d 140, 143; 9 Am. Jur., Carriers, § 10, p. 435; 13 C. J. S., Carriers, § 678(d), p. 1262.

The plaintiff's duty was to exercise reasonable care for his own safety commensurate with existing circumstances, because a carrier, whether a private or common carrier, cannot be held responsible for injuries to a passenger who voluntarily places himself in a position of danger which is a proximate cause of his injury, even though the carrier may also have been guilty of negligence. *Eggleston* v. *Broadway, etc., Corp.*, 194 Va. 584, 588, 74 S. E. 2d 212, 214; *Jamison* v. *Richardson, supra;* 3 Mich. Jur., Carriers, § 62, p. 758; 10 Am. Jur., Carriers, § 1474, pp. 276, 277; 13 C. J. S., Carriers, § 774, pp. 1543, 1544.

Generally, negligence, contributory negligence and proximate cause are questions for the jury. *Esso Standard Oil Co.* v. *Williams*, 202 Va. 362, 366, 117 S. E. 2d 93, 95; *Bates, Administratrix* v. *Thompson*, 200 Va. 501, 505, 106 S. E. 2d 728, 731. But where reasonably fair minded men may draw but one inference from the facts, they become questions of law for the court. *Bottling Co.* v. *Lambert*, 196 Va. 949, 955, 86 S. E. 2d 156, 159; *Penoso* v. *D. Pender Grocery Co.*, 177 Va. 245, 248, 249, 13 S. E. 2d 310, 312; 13 Mich. Jur., Negligence, §§ 64 and 65, pp. 593 et seq.

The plaintiff charged the defendants with negligence in stopping their bus at a dangerous place for him to alight because southbound traffic was likely to pass between the right side of the bus and the curb. But the plaintiff, when alighting from the bus, was not relieved of his duty to exercise care commensurate with the danger incident to the undertaking. The care required of him was to exercise and observe that degree of care which a reasonably prudent person would exercise under the existing circumstances. See *Eggleston* v. *Broadway, etc., Corp., supra.*

▋ The evidence in the present case conclusively shows that the plaintiff alighted from the bus in the path of the bicycle, which was dangerously near at the time, without looking with the care commensurate with the danger incident thereto. His statement that he could not see oncoming traffic before stepping into the street is not borne out by the physical facts. The angle at which the bus was stopped afforded him, while at the exit door, an unobstructed view of oncoming traffic, which could have been seen had he looked. The plaintiff having placed himself in a position of danger, without exercising the care of a reasonably prudent person under the conditions then existing, was guilty of contributory negligence as a matter of law which proximately contributed to his injuries, thereby barring his recovery. "One cannot charge another in damages for negligently injuring him when his own failure to exercise due and reasonable care was responsible for the occurrence of which he complains." *Flakne* v. *Telephone Co.*, 199 Va. 31, 34, 97 S. E. 2d 650, 652.

For the reasons given, the judgment of the lower court is set aside and final judgment is here entered for the defendants.

*Reversed and final judgment.*