## Richmond

RICHMOND GREYHOUND LINES, INC. V. FRANCIS G. BROWN.

December 3, 1962.

Record No. 5468.

Present, All the Justices.

*R. Harvey Chappell, Jr.* (*Alexander Wellford; Christian, Barton, Parker, Epps & Brent,* on brief), for the plaintiff in error.

*Dabney Overton, Sr.* and *Dabney Overton, Jr.* (*Overton & Overton,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by the plaintiff, Francis G. Brown, to recover for personal injuries and property damages sustained when his automobile collided with the rear of a bus owned by the defendant, Richmond Greyhound Lines, Incorporated, which he alleged

was negligently and unlawfully stopped on the highway by the defendant's driver. A jury trial resulted in a verdict for the plaintiff on his motion for judgment, and against the defendant on its counter-claim for property damages, upon which judgment was entered by the trial court, and the defendant is here on a writ of error.

The defendant having conceded in oral argument that it was negli-gent in stopping the bus partly on the highway, the sole question presented by its assignments of error is: Was the plaintiff contribu-torily negligent as a matter of law, and thereby precluded from recovery in this case?

The evidence, stated in the light most favorable to the plaintiff under familiar principles, shows that the accident occurred between 5:30 and 5:45 P. M. on the evening of December 19, 1959, on a long, gradual curve on U. S. Route 17 when the plaintiff, while proceeding south toward Tappahannock, Virginia, drove his automobile into the rear of a southbound Greyhound bus that had stopped, partly on the shoulder of the highway with about 3½ feet remaining on the hard surface, to discharge a passenger. The night was clear and the stars were shining. The hard surface of the highway was 20 feet wide, level and dry, and the speed limit was 55 miles per hour. There was no other traffic on the highway near the scene of the accident at the time. On the left side of the highway going toward Tappahannock there was a gift shop, formerly operated as a gasoline filling station, which was 50 feet from the highway and directly across the road from where the bus had stopped. Colored Christmas lights were burning under its canopy and two lines of white lights extended from the corners of the building to a post near the highway.

A map drawn to scale showing the curve of the highway and several photographs of the curve, the open field within its arc, condi-tions at the scene of the collision, and the plaintiff's badly damaged automobile were presented in evidence as exhibits.

The bus was 9 feet 6 inches high, 7 feet 10 inches wide, and 34 feet long. There were seven red running lights on the rear of the bus: two at the top, three in the center, and two at the bottom; plus two reflectors and the signal lights at the bottom. All of the running lights were burning at the time of the accident and continued to burn afterwards except two which were broken as a result of the collision.

The plaintiff lived two-tenths of a mile from the scene of the acci-dent and was familiar with the highway. He testified that while

traveling at a speed of about 50 to 55 miles per hour he noticed the lights on the gift shop but did not realize that a bus was stopped on the highway. He stated that he was confused by the lights, and that "I didn't know whether anything was sitting there at first or not. I didn't know what it was." When he was about 200 feet from the rear of the bus his headlights hit upon it, and realizing for the first time that a bus was stopped there partly on the road he applied his brakes and drove onto the soft shoulder of the highway intending to pass on the right of the bus. Then, realizing that someone might be entering or leaving the bus on that side, he cut back on the highway to go around it on the left. It was then that his car struck the left rear of the bus at an angle. He claimed that there were several cedar trees beyond the rear of the bus and a fencerow of honeysuckle four or five feet high which obstructed his view across the arc of the curve.

Soon after the accident a state trooper arrived on the scene and made an investigation. He found light skid marks made by the plaintiff's automobile beginning on the hard surface 189 feet from the rear of the bus and extending two or three feet to the shoulder, and then gouge marks running down the soft, wet shoulder to a point where the plaintiff apparently cut back onto the highway and struck the bus. He stated that although there was a gradual curve in the road there was a clear and unobstructed view down the highway for a distance of 410 feet from the direction in which the plaintiff was traveling to the place where the bus was stopped, and from the distance of 410 feet the lights on the bus could have been clearly distinguished from those of the gift shop. The next day he made an examination of the area and testified that on the inside of the gradual curve where the bus had stopped there was an open field affording the plaintiff a vision of three-tenths of a mile to where the accident occurred.

The defendant's driver testified that when he brought the bus to a stop a passenger immediately alighted and just as the bus began to move forward again the plaintiff's vehicle crashed into it.

Negligence, contributory negligence, and proximate cause are ordinarily questions for the jury. *Finck* v. *Brock*, 202 Va. 948, 951, 121 S. E. 2d 373, 375; *Esso Standard Oil Co.* v. *Williams*, 202 Va. 362, 366, 117 S. E. 2d 93, 95; *Bottling Co.* v. *Lambert*, 196 Va. 949, 955, 86 S. E. 2d 156, 159. But whether negligence or contributory negligence should be submitted to a jury or decided by the court must always turn on the facts of the particular case. Where reasonable

men may draw but one conclusion from the facts, they become questions of law for the court. *Bottling Co.* v. *Lambert, supra; Finck* v. *Brock, supra; Penoso* v. *D. Pender Grocery Co.*, 177 Va. 245, 248, 249, 13 S. E. 2d 310, 312; 13 Mich. Jur., Negligence, §§ 64, 65, p. 593 *et seq.*

The duty required of the plaintiff in driving his vehicle on the highway was to exercise and observe that degree of care which a reasonably prudent person would exercise under the existing circumstances. *Yellow Cab Co.* v. *Gulley*, 169 Va. 611, 618, 194 S. E. 683, 686; 2 Mich. Jur., Automobiles, § 55, p. 528.

The plaintiff's own testimony, the physical facts shown by his picture exhibits, the map of the highway, and the uncontroverted testimony of the state trooper establish that as a matter of law the plaintiff was guilty of contributory negligence which was a proximate cause of the accident.

Plaintiff's testimony shows that he lived only two-tenths of a mile from where the accident occurred, and that he was familiar with the gradual curve of the highway and the location of the gift shop. He did not deny that he had a clear and unobstructed view down the highway for a distince of 410 feet to the point where the accident occurred. Indeed, in oral argument before us he conceded that he had such a view, but argued that he was confused by the mass of lights. Even if he was confused, the duty imposed upon him was to exercise such reasonable care and caution as was commensurate with the circumstances. *Southern Ry. Co.* v. *Wilson*, 196 Va. 883, 887, 86 S. E. 2d 53, 55. Before he actually saw the bus he was alerted by the mass of lights and, being uncertain of what was on the highway ahead of him, in the exercise of reasonable care and caution he should have diminished his speed and brought his car under control. *Harris* v. *Howerton*, 169 Va. 647, 659, 194 S. E. 692, 697; *Camp* v. *Bryant*, 171 Va. 390, 395, 199 S. E. 469, 471; *Yellow Cab Corp.* v. *Henderson*, 178 Va. 207, 216, 16 S. E. 2d 389, 394; *Savage Truck Line* v. *Traylor*, 193 Va. 579, 584, 69 S. E. 2d 478, 481. The plaintiff continued to travel at an undiminished speed until he saw the bus stopped partly on the highway 200 feet ahead of him, and he did not attempt to bring his car under control until he was dangerously close to it.

The plaintiff failed to heed what he saw or should have seen if he had operated his automobile in a reasonably prudent manner. A driver who keeps a lookout and fails to take advantage of what it discloses is as guilty of negligence as one who fails to keep any lookout.

*Matthews* v. *Hicks, Adm'r,* 197 Va. 112, 115, 87 S. E. 2d 629, 631; *Perry v. Thompson,* 196 Va. 817, 820, 86 S. E. 2d 35, 37; *Yellow Cab Co.* v. *Gulley, supra,* 169 Va. at pp. 617, 618, 194 S. E. at p. 686.

It is true that the plaintiff was not exceeding the statutory speed limit while traveling at 50 to 55 miles per hour, but proper speed, as we have often said, is in a large measure governed by conditions. *Carroll* v. *Miller,* 175 Va. 388, 400, 9 S. E. 2d 322, 327. Under the facts of the present case the plaintiff was negligent in driving his car at an unabated speed until he actually saw the bus in his headlights, after having been alerted that a dangerous condition might exist on the highway ahead of him.

That the plaintiff was guilty of contributory negligence which was a proximate cause of the accident is the only conclusion that can be drawn from the facts by reasonable men.

It is the imperative function of this Court to set aside a jury verdict, even though approved by the trial judge, when the evidence does not warrant the conclusion of the jury. *Silvey* v. *Johnston,* 193 Va. 677, 682, 70 S. E. 2d 280, 282; *Garrison* v. *Burns,* 178 Va. 1, 8, 16 S. E. 2d 306, 308.

For the reasons stated, the judgment of the lower court is set aside and final judgment is hereby rendered for the defendant.

*Reversed and final judgment.*