## Staunton

VIRGIL DEAN SULLIVAN v. JAMES SUTHERLAND, ADMINISTRATOR, ETC.

September 10, 1965.

Record No. 5995.

Present, Eggleston, C. J., and Spratley, Buchanan, I'Anson, Carrico and Gordon, JJ.

*Leslie M. Mullins* (*Greear, Bowen, Mullins, Winston, Pippin & Sturgill*, on brief), for the plaintiff in error.

*Hugh P. Cline* and *Carl E. McAfee* (*Glyn R. Phillips; Cline & McAfee*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

On the afternoon of June 18, 1963, Linda Sue Sutherland, aged seven, while crossing state highway route 613 in the town of Haysi, Dickenson county, Virginia, was struck and killed by a log truck driven by the defendant, Virgil Dean Sullivan.

The father of the child, James L. Sutherland, as administrator of her

estate, filed a motion for judgment against the defendant to recover for her wrongful death, and a jury trial resulted in a verdict against the defendant in the sum of $15,000. Judgment was entered on the verdict and defendant is here on a writ of error.

The sole question presented is whether the evidence is sufficient to support the finding of the jury that the defendant was guilty of negligence which was the proximate cause of the child's death.

Under familiar principles, the evidence will be stated in the light most favorable to the plaintiff.

At the scene of the accident route 613 is an unmarked, hard surface road 16 feet 4 inches wide, running generally north and south. The defendant was operating his truck in a northerly direction, and the child was struck at a point in front of the Sutherland home on an almost level portion of a sweeping curve in the road.

The Sutherland home is located on a high embankment on the east side of the road. A retaining wall, four feet high, runs along the front of the property line, and steps leading from the porch of the home to the ditchline of the road are recessed through the embankment and wall. There was a large evergreen bush growing on the embankment on each side of the steps, four feet above the bottom step. The family outdoor toilet is located directly across the road from the bottom step, which is 4 feet 3 inches from the paved surface of the road.

Emmett Addington, a brakeman on the Clinchfield Railroad, was on a train passing 400 feet west of the Sutherland home and he testified that he had a clear view of the accident. He said that he saw the child come out of her home, walk down the steps, and, without hesitating, walk into the road; that the front end of defendant's truck knocked her down and its left rear wheel ran over her; and that the truck stopped approximately 15 or 20 feet beyond the point where the rear wheel ran over her.

Walter Keel was working on his automobile on the west side of the road about 70 feet from the scene of the accident. When he first saw the child she was on the highway rolling under the truck, and its left rear wheel ran over her at a point on the hard surface of the road which was two feet from its western edge. He said defendant's truck was moving slowly, and he estimated its speed to be approximately ten miles per hour.

Trooper T. B. Daniels investigated the accident. He did not find any skid marks on the highway but the truck made pressure marks, beginning about 40 feet south of the point of impact and extending

approximately 54 feet beyond, which indicated to him that the truck was traveling in the center of the road when the child was struck and then moved to the right side. He found the child's body 41 feet 2 inches north of the bottom step and two feet from the western edge of the road. The officer also testified that, assuming that the defendant was traveling in his proper right-hand lane, he had an unobstructed view of the road for a distance of 150 feet before reaching a point opposite the steps, and that he could have seen the child on the bottom step when he was within 30 to 35 feet of her.

Defendant's truck was eight feet wide and loaded with logs. He testified that as he rounded the curve, at a speed of not over 20 miles per hour, and proceeded northerly in the center of the road toward the Sutherland home, he saw the child standing on the bottom step, looking down the road away from him, when he was 25 to 30 feet away from her. He took his eyes off the child and was continuing at the same speed when his brother yelled, "Look out," and "when he hollered I heard a racket so I hit the brakes." He said, "When I first saw her 25 feet away I couldn't keep my eye on her. She was in safety. I didn't think nothing about the little girl coming out." He further said that he "didn't have time to blow the horn" when his brother yelled, and by the time "I hit the brakes, she hit the truck."

Defendant's brother testified that he first saw the child when the truck was 10 feet from her; that she was off the hard surface of the road, and when they reached a point "opposite" the child she jumped into the side of the truck behind its cab.

We have repeatedly said that, ordinarily, negligence and proximate cause are questions of fact for the jury. Only when reasonable men may draw but one inference from the facts do they become questions of law for the court to decide. *Finck* v. *Brock*, 202 Va. 948, 951, 121 S.E. 2d 373, 375.

The duty of the driver of a motor vehicle when approaching children in or near a street or highway has been stated and restated by us in a long line of cases, beginning with *Ball* v. *Witten*, 155 Va. 40, 154 S.E. 547, and repeated in the recent cases of *Vought* v. *Jones*, 205 Va. 719, 725, 139 S.E. 2d 810, 815; *Saulsbury* v. *Williams*, 205 Va. 727, 139 S.E. 2d 816; and *Alexander* v. *Moore*, 205 Va. 870, 140 S.E. 2d 645, 649.

In *Alexander* v. *Moore, supra,* 205 Va. at p. 875, 140 S.E. 2d at p. 648, we quoted from *Gabbard* v. *Knight*, 202 Va. 40, 46, 116 S.E. 2d 73, 77, as follows:

" 'We have many times pointed out that the duty and liability of

the driver of an automobile to adults and children are measured by different standards. Ordinary care toward an adult under certain circumstances might be gross negligence toward a child under the same conditions. The driver must increase his exertions in order to avoid danger to children whom he may see, or by the exercise of reasonable care should see, on or near the highway.' (Citing authorities.)"

In *Vought* v. *Jones, supra,* 205 Va. at p. 725, 139 S.E. 2d, at p. 815, we said:

"* * * Moreover the conduct of a child is not measured by the same rules which govern that of an adult, because a child does not have the knowledge or experience to know or estimate correctly the probable consequences of his acts in a given situation."

In the present case, the defendant said he saw the child standing on the bottom step, which was within 4 feet 3 inches of the hard surface of the road, "looking in the opposite direction" when his truck was approximately 25 to 30 feet away from her. After seeing her in that position he did not blow the horn or slacken the speed of his truck. In fact he paid no further attention to her and proceeded on his way without considering that she might attempt to cross the road in front of him.

When defendant saw the child near the road it was his duty to increase his exertions to avoid injury to her. He had no right to assume that a child of tender years would exercise proper care for her own protection. He was charged with knowledge of the fact that a child acts thoughtlessly and upon childish impulses, and he was required to exercise such vigilance and precaution as the circumstances demanded.

Whether defendant exercised the degree of care that was required of him under the circumstances is a question upon which reasonable men may disagree, and it was for the jury to say whether he was guilty of negligence which was a proximate cause of the child's death.

The cases of *Barner* v. *Whitehead,* 204 Va. 634, 133 S.E. 2d 283; *Dickerson* v. *Ball,* 200 Va. 809, 108 S.E. 2d 256; *Boyd* v. *Brown,* 192 Va. 702, 66 S.E. 2d 559; *Transit Co.* v. *Schain,* 205 Va. 373, 137 S.E. 2d 22, all relied on by the defendant in support of his position that he was not guilty of negligence which was a proximate cause of the accident, are readily distinguishable on their facts from those here before us.

For the reason stated, the judgment of the court below is

*Affirmed.*