# Richmond

DISTRICT OF COLUMBIA V. LONNIE COLEMAN.

June 11, 1973.

Record No. 8132.

Present, All the Justices.

Richard W. Schaffer; David P. Sutton (J. Calvitt Clarke, Jr.; Royce A. Spence, Frederic Lee Ruck [D.C.]; Sands, Anderson, Marks & Clarke, on brief), for plaintiff in error.

Peter A. Cerick; Marshall A. Martin, Jr., for defendant in error.

Per Curiam.

Lonnie Coleman (Coleman or plaintiff) recovered a verdict for $300,000 against the District of Columbia (defendant) upon which the trial court entered judgment.

The assignments of error by the defendant raise many issues, one being the jurisdiction of the trial court to entertain this action. But the plaintiff's own testimony, as a matter of law, convicts him of negligence which was a proximate cause of his injury, so we address ourselves only to that issue.

Coleman suffered severe and permanent injuries on November 6, 1968, on defendant's land in Fairfax County, when the elevated bed of the dump truck he was driving collided with an overhead structure across a private roadway. The land where this tragic accident occurred was occupied by Vulcan Materials Company (Vulcan) under a permit agreement with the defendant.

Vulcan, which was named as a codefendant in this action, was awarded summary judgment when the trial court held that plaintiff's exclusive remedy against it was under the Workman's Compensation Act, Code § 65.1-1 *et seq*, since Coleman was engaged in the trade, business or occupation of Vulcan. The correctness of that ruling is not challenged.

The structure with which Coleman's truck collided is referred to as a "bed or body catcher." It was erected by Vulcan, with defendant's knowledge, to keep a dump truck with an elevated bed from coming in contact with high voltage power lines crossing the roadway normally traveled by trucks returning from Vulcan's stockpile area to its crushing plant.

Coleman had been engaged in hauling stone from the crushing plant to the stockpile area for eight days before he was injured. He drove approximately 30 round trips over this route each day. He acknowledged that he knew that the body catcher was on his return route, having passed beneath it on more than 200 occasions. He also knew the purpose for which the structure had been erected and that a dump truck with its bed extended would not pass under the structure.

Just before he was injured, plaintiff, who had regularly operated a dump truck for more than two years, dumped his cargo onto one of ten stockpiles. He drove from that stockpile with his bed elevated, made a right turn and proceeded past several other stockpiles. He then turned his truck to the right onto the road leading back to Vulcan's crushing plant. At this point, approximately 400 feet from the structure, plaintiff testified that he depressed the levers designed to lower the dump bed on his truck. He then proceeded toward the structure and had accelerated to approximately 15 miles per hour before striking it.

Although plaintiff knew that his truck would not pass under the structure with the bed elevated, he never looked into his rear view mirror or through his rear glass to ascertain that his bed had retracted. Thus he failed to exercise reasonable care and a recovery must be denied him. One cannot charge another in damages for negligently injuring him when his own failure was responsible for the occurrence of which he complains. *Flakne* v. *C. & P. Tel. Co.*, 199 Va. 31, 34, 97 S.E.2d 650, 652 (1957).

*Reversed and final judgment.*