## JOSEPH CRAWFORD v. DORIS C. JOHNSON, ADMINISTRATRIX, ETC.

June 9, 1978

Record No. 770212

Present: All the Justices.

*Henry M. Sackett, III (Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, on brief)* for plaintiff in error.

*J. Michael Gamble (Donald G. Pendleton; Pendleton, Janow & Gamble, on brief)* for defendant in error.

PER CURIAM.

Franklin H. Johnson was struck and killed by a pickup truck driven by Joseph Crawford. Johnson's widow, Doris C. Johnson, as administratrix of his estate, instituted a wrongful death action against Crawford, and obtained a jury verdict in the amount of $108,561.60 on which the trial court entered judgment. On appeal, Crawford contends that Johnson was guilty of contributory negligence as a matter of law, and that the trial court erred in granting certain instructions and in refusing certain other instructions.

The accident occurred on January 2, 1976, at approximately 8:50 p.m. on U. S. Route 29 in Amherst County, just south of the intersection of that highway with State Route 657. At this point, Route 29 consisted of two northbound lanes and two southbound lanes, divided by a grass median strip. In addition, adjacent to the two northbound lanes, there was a 205-foot northbound turn lane for vehicles turning right onto Route 657, and to the east of the turn lane there was a level shoulder which was nine feet wide. The northbound lanes were straight with a dip approximately 150-200 yards south of the place where the accident occurred. At the time of the accident, it was dark, and the speed limit was 55 m.p.h.

At trial, plaintiff testified that, prior to the accident, she and her husband were driving separate cars north on Route 29, and that she was following her husband. They passed a jeep which had run off the road into the median strip, and her husband brought his car to a stop in the right-turn lane leading to Route 657. She stated that the jeep was similar to that of a family friend. Plaintiff drove past her husband's car and continued on.

Defendant, accompanied by his son and his son-in-law, was driving his 1965 GMC pickup truck at a speed of 45-48 m.p.h. in the right northbound lane. The truck's headlights were on, and as defendant reached the dip in the road, his attention was diverted by the jeep in the median strip ahead of him. However, he stated that he "never had [his] eye completely off the highway."

After passing the jeep, defendant saw Johnson, who was two or three feet into the right northbound lane opposite the rear of his vehicle, walking across the road at an angle towards the disabled jeep. Crawford testified that when he first saw him, Johnson was 15 feet away and was facing defendant's truck. Crawford swerved to the left in an attempt to avoid hitting him, but Johnson was struck by the right front of the truck.

The evidence shows that the emergency lights of the Johnson vehicle were blinking at the time of the accident, and there was evidence that the jeep's emergency lights also were blinking. The investigating officer testified that the Johnson vehicle was approximately 115 feet south of the intersection of Route 29 and Route 657, and that it was wholly within the right-turn lane one foot from the white dividing line between the right northbound lane and the right-turn lane. The jeep was about 120 feet south of the Johnson vehicle.

Viewing the evidence in the light most favorable to plaintiff, we reject her contention that the question of Johnson's contributory negligence was a jury issue. The evidence shows that Johnson was negligent as a matter of law and that his negligence was a proximate cause of the accident. *See Straughan v. Nash,* 215 Va. 627, 212 S.E.2d 280 (1975); *Finck v. Brock,* 202 Va. 948, 121 S.E.2d 373 (1961).

The uncontradicted evidence is that Johnson stopped his car in the travelled portion of the highway, although there was a nine-foot-wide level shoulder immediately to the east of the right-turn lane. More importantly, it is uncontradicted that he was walking in the right northbound lane when he was struck. Indeed, it is stated in plaintiff's motion for judgment that Johnson "was standing on and along U. S. Highway 29 in the northbound lane thereof" at the time of the accident. Although visibility to the south was clear and unobstructed for at least a quarter of a mile, Johnson stepped out of his car into the right northbound lane when the Crawford truck, with headlights burning, was perilously close. Johnson either did not look to see whether he could safely cross the highway, or, if he looked, he failed to see that the truck was almost upon him. In either event, his negligence in failing to see that which by the exercise of reasonable care he should have seen was a proximate cause of the accident.

In view of our conclusion that plaintiff's decedent was guilty of contributory negligence as a matter of law, which bars plaintiff's recovery, a discussion of the other questions raised is unnecessary. For the reasons given, the judgment of the trial court will be reversed, and final judgment will be entered here in favor of defendant.

*Reversed and final judgment.*