# Sandra O. West, Administratrix of The Estate of Tamara Leigh Clayton

## v.

# Keith E. Critzer and Jake Alexander Wood Yards, Inc.

Record No. 871396

September 22, 1989

Present: All the Justices

*James T. Wood* for appellant.

*W. Joseph Owen, III (Frank N. Cowan; Deborah S. O'Toole; Cowan & Owen, P.C.*, on brief), for appellees.

Justice Thomas delivered the opinion of the Court.

In this negligence case, which arises from a collision at an intersection, the sole issue is whether the trial court erred in striking the plaintiff's evidence of concurring negligence against one of two defendants. In our view, the trial court erred. Therefore, we will reverse its judgment.

Because the trial court struck plaintiff's evidence, we will view the evidence in the light most favorable to the plaintiff, giving her the benefit of all inferences which a jury might fairly draw from the evidence, and if several inferences may be drawn, though differing in degree and probability, we will adopt those most favorable to the plaintiff unless they are strained and forced or contrary to reason. *Higgins* v. *Bowdoin*, 238 Va. 134, 380 S.E.2d 904 (1989).

The accident occurred on September 9, 1985, about 1:10 p.m., in New Kent County, at the intersection of Routes 33 and 249. The day was clear and the road surfaces were dry. At the point where the roads intersect, Route 33 is a four-lane divided highway which runs generally east-west. Flashing amber lights along with

warning signs, posted 1,000 feet before the intersection, face vehicles heading east on Route 33. At the point of the intersection, Route 249 is a two-lane highway which runs generally north-south. Vehicles approaching the intersection on Route 249 are warned by the presence of flashing red lights and stop signs.

On the day of the collision, Vickie Lee Stewart was driving her Datsun pickup truck south on Route 249 with Tamara Leigh Clayton as her passenger. When they came to the intersection, Stewart stopped, looked both ways and proceeded to the median. There she slowed, looked both ways, saw nothing and proceeded, at a slow rate of speed, across the eastbound lanes of Route 33. The last thing she remembers is starting across the eastbound lanes of Route 33.

Keith E. Critzer, driving a tractor trailer owned by Jake Alexander Wood Yards, Inc. (Jake Alexander), was eastbound on Route 33, heading towards the intersection with Route 249. He was familiar with the intersection, having crossed it more than 100 times. Critzer saw the road signs warning of the intersection. He also saw the flashing amber lights which, he testified, indicated to him to "proceed with caution, yield, watch for traffic." Further, 1,000 feet before the intersection, he had a clear, unobstructed view of the entire intersection, from one edge of Route 33 to the other.

As Critzer approached the intersection, he did not see Stewart's vehicle until it was moving slowly into the median. He never saw it stop. He watched it as it continued to move slowly into the eastbound lanes of Route 33 without changing speed. Critzer "assumed" the vehicle would stop; but it did not stop. Critzer did not diminish his speed from the time he first saw Stewart's vehicle until immediately before the collision. He was travelling about 55 miles per hour at impact. He never applied his brakes; there were no skid marks leading to the point of impact. Critzer's truck struck the passenger side of Stewart's vehicle in the right travel lane of Route 33. Clayton was killed instantly.

Sandra O. West, administratrix of Clayton's estate, sued Stewart and Critzer, along with the owner of the vehicle Critzer had been driving. West alleged that the concurring negligence of the defendants was the proximate cause of her decedent's death. West settled with Stewart and the case proceeded to trial against Critzer and Jake Alexander. However, at the conclusion of plaintiff's case, the trial court struck West's evidence.

On appeal, West argues that reasonable jurors could differ as to whether Critzer and Jake Alexander committed acts of negligence which concurred with the acts committed by Stewart in proximately causing Clayton's death. On the other hand, Critzer argues that he had the right of way as well as the right to assume that Stewart would not drive in front of his oncoming tractor trailer.

Striking the evidence at the end of a plaintiff's case is a drastic measure with high costs to the administration of justice and should be avoided unless there is no doubt that the plaintiff has not proven any cause of action against the defendant. *See Higgins*, 238 Va. at 141, 380 S.E.2d at 908 (1989). In our opinion, the evidence in this case was not sufficiently conclusive to warrant the grant of a motion to strike at the end of plaintiff's case.

West argues that a jury could have concluded that Critzer failed to maintain a proper lookout. A lookout is not proper simply because the operator of a vehicle states that he looked. A proper lookout requires the operator of a vehicle to heed what he sees by taking reasonably prudent action to avoid what the lookout discloses. *See Underwood v. Radford*, 217 Va. 891, 895, 234 S.E.2d 253, 256 (1977). Here, Critzer saw warning signs, flashing yellow lights, and a vehicle moving slowly into his path, yet he never swerved, never braked, never sounded his horn, never slowed down. In short, he took no steps to respond to the situation which was unfolding directly in his field of vision. Given these facts, we cannot conclude, as a matter of law, that a jury could not have found that Critzer failed to keep a proper lookout.

West also contends that a jury could have concluded that Critzer did not maintain a reasonable speed under the circumstances. The posted speed limit does not determine whether a particular speed is reasonable under the circumstances. *Goodwin and Reed v. Gilman*, 208 Va. 422, 431, 157 S.E.2d 912, 919 (1967); *Hudgins v. Jones*, 205 Va. 495, 499, 138 S.E.2d 16, 20 (1964). Here, Critzer approached an intersection in the face of warning signs and flashing yellow lights while watching a vehicle move slowly across his path without stopping, yet he did not take his foot off of the accelerator and continued at 55 miles per hour until he collided with Stewart's vehicle. We cannot conclude, as a matter of law, that a jury could not have found Critzer's speed unrea-

sonable under the circumstances. *See Greyhound Line v. Brown*, 203 Va. 950, 953, 128 S.E.2d 267, 270 (1962).

West contends further that a jury could have concluded that Critzer did not keep his vehicle under control. Control concerns the ability to move the vehicle out of the path of danger by turning, swerving, braking, or by some other maneuver. *See Id.* at 953, 128 S.E.2d at 270. Here, Critzer took no evasive action prior to colliding with Stewart's vehicle. Given what he faced and his lack of apparent reaction to it, we cannot say, as a matter of law, that a jury could not conclude that he failed to keep his vehicle under proper control.

Critzer's argument that he had the right of way does not excuse him from the duty of exercising ordinary care. *Underwood*, 217 Va. at 895, 234 S.E.2d at 256. Nor does Critzer's contention that he assumed Stewart would stop justify his failure to take precautions against the chance that Stewart would not stop. No one is entitled to rely on an assumption that is contrary to an obvious fact. *See Mawyer v. Thomas*, 199 Va. 897, 902, 103 S.E.2d 217, 220 (1958). Here, all Critzer ever saw was that Stewart's vehicle was moving slowly through the median and into the eastbound lanes of Route 33. The fact that the vehicle was moving slowly does not support the assumption that it would stop.

In light of all the foregoing, we hold that the trial court erred in concluding that reasonable jurors could not differ as to the question of Critzer's and Jake Alexander's concurring negligence. Therefore, the judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*