COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


ROBERT S. ARGABRIGHT, II

                                                        MEMORANDUM OPINION[*]
v.        Record No. 1930-09-2                              PER CURIAM
                                                        DECEMBER 22, 2009
MARY R. ARGABRIGHT


                 FROM THE CIRCUIT COURT OF KING WILLIAM COUNTY
                              Thomas B. Hoover, Judge

            (Joseph E. Blackburn, Jr.; Blackburn, Conte, Schilling & Click, P.C.,
            on brief), for appellant.

            (B. Elliott Bondurant; Hudson and Bondurant, P.C., on brief), for
            appellee.


        Robert S. Argabright, II appeals an order denying his motion to terminate or reduce spousal

support.  Appellant argues that the trial court erred in (1) finding that the income and expense

exhibit submitted by appellant was incorrect, fraudulent, and a subornation of perjury; (2) finding

that appellant underreported his income on his income and expense exhibit; (3) finding that

appellant was able to continue paying the level of spousal support ordered in the final decree;

(4) including IRA withdrawals as income to appellant; (5) finding that appellant should be working

full-time at the age of sixty-seven; and (6) failing to find a material change of circumstances which

should result in a reduction or termination of appellant's spousal support.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.


_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, the Court, in reviewing the ruling to strike a plaintiff's evidence "must view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff." Economopoulos v. Kolaitis, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000) (citing West v. Critzer, 238 Va. 356, 357, 383 S.E.2d 726, 727 (1989)).

The evidence, stated in the light most favorable to appellant, establishes that appellant and Mary R. Argabright divorced on October 6, 1986. At the time of the divorce, appellant worked with Chesapeake Corporation and earned approximately $100,000 per year. Appellee was unemployed. Appellee was awarded $2,400 per month in spousal support.

Appellant remarried in November 1986 and retired from Chesapeake Corporation in 1996. At the time of the trial, appellant received $1,686 per month from Social Security and $1,976 per month from a Chesapeake Corporation defined benefit plan. He also received income from dividends and interest. In December 2008, Chesapeake Corporation filed for bankruptcy, and as a result, appellant no longer receives an additional pension amounting to $2,469 per month. Appellant filed his motion to terminate or reduce spousal support when he lost the second pension.

In 1990, appellee entered the workforce for four years. In 1997, she resumed working. She currently works part-time for twenty to twenty-eight hours per week and earns $10.62 per hour.

At the time of the trial, appellant was sixty-seven years old and appellee was sixty-six years old. Since the termination of the second pension, appellant was forced to withdraw $18,000 from his IRA during the first six months of 2009.[1]

---

[1] Appellant accumulated $65,000 in a taxable account and $434,000 in an IRA after the divorce.

At trial, appellant submitted an income and expense statement. The exhibit listed all of his expenses for the home in which he and his wife live. After the trial court questioned appellant at length about his income and household expenses, the trial court concluded that the exhibit was a "fraud on the court." The trial court ordered appellant to modify his exhibit, and appellant complied. After appellant presented his evidence, appellee moved to strike. The trial court found appellant's testimony incredible and concluded the hearing by denying appellant's motion.[2] Appellant timely noted his appeal.

ANALYSIS

Appellant argues that the trial court erred in denying his motion. He presents six issues; however, in his brief, he does not cite to any legal authority to support his arguments.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Appellant did not comply with Rule 5A:20(e) because, except for one code citation and one case citation that reference elementary modification law, his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments.

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of

---

[2] The trial court never explicitly ruled on the motion to strike; however, it denied appellant's motion to terminate or reduce support after hearing argument on appellee's motion to strike.

- 3 -

[appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that appellant's failure to comply with Rule 5A:20(e) is significant, so we will not consider any of appellant's questions presented. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>