COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


JOHN R. POINDEXTER

                                                          MEMORANDUM OPINION*
v.      Record No. 2286-11-2                                   PER CURIAM
                                                              MAY 1, 2012
LISA M. POINDEXTER, N/K/A
  LISA MARIE CLARK


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                         J. Overton Harris, Judge

          (Robert H. Smallenberg; Andrew S. Chen; Metropolitan Law Center,
          PLC, on brief), for appellant.

          (Cheri H. Warren; WarrenLaw, P.C., on brief), for appellee.


        John R. Poindexter appeals the trial court's ruling to grant Lisa Marie Clark's motion to

strike at the hearing on Poindexter's motion to set aside the parties' property settlement agreement

(the agreement).  Poindexter argues that the trial court erred in granting the motion to strike because

in viewing the evidence in the light most favorable to him, the agreement was procured by duress

and overreaching and resulted in a disparate division of property.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.[1]  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Clark argues that Poindexter did not preserve his issue at the trial court level because he
signed the order as "seen and objected to" without further explanation.  A statement of "seen and
objected to" is insufficient to preserve an issue for appeal.  Lee v. Lee, 12 Va. App. 512, 515,
404 S.E.2d 736, 738 (1991) (en banc).  However, in a bench trial, an appellant can preserve his
issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or
in a motion to reconsider.  Id.  Poindexter preserved his issue in his closing argument because he
asserted that Clark threatened him and that he would not have signed the agreement but for her
threats.  He also argued that the agreement was "grossly financially disparate."

BACKGROUND

The parties married on October 5, 2007 and separated on June 13, 2010. On June 15, 2010, Clark signed a property settlement agreement prepared by her attorney. When presented with the agreement, Poindexter refused to sign it and asked for certain revisions. Clark's attorney revised the agreement, and wife signed it on June 16, 2010. She presented the agreement to Poindexter, and he signed it on June 28, 2010.

Clark filed a complaint for divorce on October 20, 2010. Then, she filed a motion and notice to incorporate the agreement into an order. Poindexter was served with the documents on October 22, 2010. On November 3, 2010, the trial court entered an order incorporating the agreement. Poindexter's endorsement was waived pursuant to Rule 1:13. On November 8, 2010, Poindexter filed an answer to the complaint and alleged that the agreement was "void as it was executed by defendant on the basis of duress which was induced by the plaintiff." He also filed a cross-bill and asserted that the agreement was not valid.

The parties appeared before the trial court on June 8, 2011 for a hearing on the validity of the agreement. Poindexter testified about the agreement and the circumstances at the time that he signed it. He testified that Clark was threatening him by telling him that she was going to have her daughter tell the police that he molested the daughter unless Poindexter signed the agreement. He denied molesting the daughter. He said that he signed the agreement because he was afraid that his past conviction of being a peeping tom would hurt his credibility. After Poindexter's testimony, he rested his case, and Clark moved to strike. Clark argued that Poindexter did not meet his burden to set aside the agreement. She asserted that a false allegation of molestation did not rise to overcoming one's will and that Poindexter did not seek the advice of legal counsel. She pointed out that Poindexter suggested changes to the agreement, which were made, and that Poindexter received a copy of the agreement after he signed it. The

trial court granted the motion to strike, denied Poindexter's motion to set aside the agreement, and incorporated the agreement into the order, which was entered on June 24, 2011. The trial court entered the final decree on October 12, 2011. This appeal followed.

ANALYSIS

Poindexter argues that the trial court erred in granting Clark's motion to strike his evidence because the agreement was procured by duress and resulted in a disparate division of property. He contends the trial court should have granted his motion to set aside the agreement.

"The standard that governs the trial court's review of the plaintiff's evidence before granting a motion to strike the case is well settled." Chaplain v. Chaplain, 54 Va. App. 762, 772, 682 S.E.2d 108, 113 (2009). In reviewing a ruling to strike a plaintiff's evidence, we "must view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff." Economopoulos v. Kolaitis, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000) (citing West v. Critzer, 238 Va. 356, 357, 383 S.E.2d 726, 727 (1989)).

Poindexter had to prove by clear and convincing evidence that the agreement was unconscionable and procured by duress. Derby v. Derby, 8 Va. App. 19, 25, 378 S.E.2d 74, 77 (1989) (citations omitted).

> Duress may exist whether or not the threat is sufficient to overcome the mind of a man of ordinary courage, it being sufficient to constitute duress that one party to the transaction is prevented from exercising his free will by reason of threats made by the other and that the contract is obtained by reason of such fact. Unless these elements are present, however, duress does not exist. . . . Authorities are in accord that the threatened act must be wrongful to constitute duress.

Norfolk Div. of Soc. Servs. v. Unknown Father, 2 Va. App. 420, 435, 345 S.E.2d 533, 541 (1986) (quoting 6B Michie's Jurisprudence Duress and Undue Influence §§ 2-3 (Repl. Vol. 1985)).

Poindexter argues that the agreement was procured by duress because Clark threatened to send him to jail by having her daughter falsely accuse him of molesting her. Poindexter denied molesting Clark's daughter, but believed that the police may not find him credible because he had previously been convicted as a peeping tom. The trial court held that Poindexter did not prove by clear and convincing evidence that the agreement was the result of duress. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc).

The trial court did not find that Poindexter met his burden. Poindexter negotiated terms in the agreement. For example, the original agreement presented by Clark stated that Poindexter would receive the 2007 Dodge Ram truck (the truck) and refinance the note, and he would not receive the 2003 Nissan Xterra (the SUV). Poindexter objected to this language. In the final agreement, wife received the truck and was responsible for the note, and husband received the SUV. The final agreement also included additional provisions in the real estate section, including a division of past-due real estate taxes and a division of the cost of materials necessary for improvements or repairs, if the house is placed on the market. Another change to the agreement was in the spousal support section. The new agreement provided that if the house was sold and the mortgage paid in full, then wife waived spousal support. There is no indication that husband was under duress in signing this agreement, especially considering the negotiation of terms favorable to him.

Furthermore, Poindexter argues that the agreement should have been set aside because it resulted in a disparate division of assets. There is a two-step test that courts must apply in determining whether an agreement is unconscionable: "1) a gross disparity existed in the

division of assets and 2) overreaching or oppressive influences." Galloway v. Galloway, 47 Va. App. 83, 92, 622 S.E.2d 267, 271 (2005) (citations omitted).

> Historically, a bargain was unconscionable in an action at law if it was "'such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.'" Restatement (Second) of Contracts § 208 cmt. b (quoting Hume v. United States, 132 U.S. 406, 411 (1889)). If inadequacy of price or inequality in value are the only indicia of unconscionability, the case must be extreme to justify equitable relief. Smyth Bros. v. Beresford, 128 Va. 137, 169-70, 104 S.E. 371, 381-82 (1920).

Derby v. Derby, 8 Va. App. 19, 28, 378 S.E.2d 74, 78-79 (1989). "The inequality must be so gross as to shock the conscience." Smyth Bros., 128 Va. at 170, 104 S.E. at 382. "[G]ross disparity in the value exchanged is a significant factor in determining whether oppressive influences affected the agreement to the extent that the process was unfair and the terms of the resultant agreement unconscionable." Derby, 8 Va. App. at 28, 378 S.E.2d at 79 (citation omitted).

Poindexter claims that the fact that Clark received $30,000 in spousal support and the marital residence proves gross disparity. The trial court disagreed and found that there was no gross disparity in the division of the assets and liabilities and that there were no overreaching or oppressive influences. Poindexter argues that the marital residence was his property before the marriage and that Clark should not have been awarded the property. However, during the marriage, the marital residence was conveyed by deed of gift to the parties as tenants by the entirety. The record does not include information about the value of the assets and liabilities, nor does it include information regarding the parties' income and expenses. An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). Therefore, we are unable to determine whether there is a gross disparity in the division of the assets.

Since Poindexter did not prove that there was a gross disparity in the division of the assets, we do not need to consider whether there were "overreaching or oppressive influences" in obtaining execution of the agreement.[2] Galloway, 47 Va. App. at 92, 622 S.E.2d at 271 (citations omitted).

Accordingly, the trial court did not err in granting the motion to strike and denying Poindexter's motion to set aside the agreement because he did not meet his burden to prove that the agreement was unconscionable and procured by duress.

### Attorney's fees and costs

Clark asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny Clark's request for attorney's fees and costs.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

---

[2] See Kilby v. Culpeper Cnty. Dep't of Soc. Servs., 55 Va. App. 106, 108 n.1, 684 S.E.2d 219, 220 n.1 (2009) ("an appellate court decides cases on the best and narrowest ground available" (internal quotations and citations omitted)).