COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Chafin and Senior Judge Annunziata

WILLIAM LESTER GRAHAM

v.      Record No. 0899-12-1

AMY LORRAINE OWENS AND
 JAMES BRIAN OWENS

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 13, 2012

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard Y. AtLee, Jr., Judge

(Stephen K. Smith, on brief), for appellant.

(Amy M. P. Van Fossen; Douglas J. Walter, Guardian *ad litem* for
the minor child; Law Firm of Thomas L. Hunter & Associates;
Moschel, Clancy & Walter, P.L.L.C., on brief), for appellees.

William Lester Graham (father) appeals a final order of adoption.  Father argues that the

trial court erred by denying his motion to strike the evidence and proceeding to grant the petition for

adoption.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

BACKGROUND

On appeal, the Court, in reviewing the ruling to strike a plaintiff's evidence "must view

the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to

the plaintiff."  Economopoulos v. Kolaitis, 259 Va. 806, 814, 528 S.E.2d 714, 719 (2000) (citing

West v. Critzer, 238 Va. 356, 357, 383 S.E.2d 726, 727 (1989)).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Father and Amy Lorraine Owens (mother) married on March 2, 2003, and one child (C.) was born in March 2004. Father had another child of a prior relationship, and this child (B.) was nine years old during the time period of January 2006 through June 2006.

Father was found guilty of four counts of sodomy against B. from January 2006 through June 2006, as well as production of child pornography and possession of child pornography. Father was sentenced to two hundred ten years in prison with one hundred seventy-seven years suspended. He has an active sentence of thirty-three years.

Mother terminated all contact with father after his conviction and sentencing. They divorced on December 13, 2007.

In September 2006, mother met James Brian Owens (stepfather). In 2007, mother and C. started living with stepfather.[1] Mother and stepfather married June 19, 2010.

In September 2010, mother mailed a letter to father in prison and asked for his consent to a stepparent adoption. Father subsequently informed her that he would not consent to the adoption.

On December 2, 2010, mother and stepfather filed a petition for adoption. After several continuances, the trial court heard the testimony and argument. Father made a motion to strike, which the trial court denied. The trial court granted the petition for adoption, finding that father was withholding his consent contrary to the best interests of the child and that the adoption was in the best interests of the child. The trial court entered the final order on April 16, 2012. This appeal followed.

---

[1] Mother has another child of a previous relationship, who also lived with them.

ANALYSIS

Adoption

Father argues that the trial court erred in denying his motion to strike and granting the petition for adoption.

"Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

Father contends the mother and stepfather did not produce clear and convincing evidence that the adoption was in the child's best interests.

Code § 63.2-1205 provides:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court or juvenile and domestic relations district court, as the case may be, shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court or juvenile and domestic relations district court, as the case may be, shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

"We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland v. Todd, 282 Va. 183, 197, 715 S.E.2d 11, 19 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99, 192 S.E.2d 794, 798-99 (1972)). "Virginia's statutory scheme

- 3 -

for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at 199, 715 S.E.2d at 20.

The trial court considered the factors in Code § 63.2-1205 and made factual findings in light of those factors. Specifically, the trial court found that father's incarceration prevented him from ever being able to obtain custody of C. while the child was a minor. Father would not be released from prison until C. was thirty-six years old. The trial court found that father's "willful acts he committed against his other minor child" also prevented him from ever being able to obtain custody of C. The trial court found that mother had not thwarted father's parental rights prior to his arrest. The trial court further stated that considering the nature of the offenses, it would "question [mother's] decision if she had allowed ongoing visitation" after the arrest. The trial court found that father was unable to care for the minor child while he was incarcerated. The trial court acknowledged that father had a "normal relationship" with C., but considering the "heinous acts" father committed against his other biological child, there is a "risk for any other minor children." The trial court found that C.'s "present custodial environment is stable, appropriate, and long-standing." The trial court concluded that "a change in custody is a factual impossibility and that the child has been in the care and custody of the Petitioners [mother and stepfather] exclusively for 5 years."

On appeal, father emphasizes the "typical father and son relationship" that he had with C. prior to his arrest. He also discusses that he has tried to maintain contact with C. while he has been incarcerated. For instance, father's mother brought C. to the jail when father was incarcerated there.[2] Father assisted mother with C.'s medical bills and sent birthday and Christmas cards to C. He contends mother thwarted his efforts by moving and not telling father

---

[2] Mother was not aware of this visit and would not have permitted the visit.

- 4 -

their new address and how she did not stay in contact with his side of the family. However, at trial, father's relatives testified that they knew where mother worked, they saw her and C. at a birthday party, and C. went to daycare with a cousin. Furthermore, the trial court stated, this was not an "average custody case," and it would "have to significantly question [mother's] judgment if she wanted [father] to be an active part of [C.'s] life at this point in time."

Father asserts that he did not commit any crimes against C. and he has tried to take parenting classes at prison. However, the fact remains that he is not in a position to assume custody.

In addition, there was evidence that the child was doing well with mother and stepfather and had been living with them for approximately five years. The trial court acknowledged that the Department of Social Services submitted a "glowing" and "very thorough" home study, and the guardian *ad litem* recommended the adoption.

Considering the factors in Code § 63.2-1205, and specifically, the nature of father's convictions and the outstanding sentence to be served, the trial court did not err in denying the motion to strike and granting the petition for adoption.

### Attorney's fees

Mother and stepfather have requested an award of attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny mother and stepfather's request.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.