# Richmond

DELORES MITCHELL v. C. PEYTON LEE AND HERBERT S. JONES.

March 5, 1973.

Record No. 8037.

Present, All the Justices.

*James A. Eichner (Robert E. Pembleton; Allen, Allen, Allen & Allen,* on brief), for plaintiff in error.

*S. J. Thompson, Jr. (Leighton S. Houck; Caskie, Frost, Davidson, Hobbs & Hamblen,* on brief), for defendants in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by the plaintiff, Delores Mitchell, against the defendants, C. Peyton Lee, Herbert S. Jones and John Doe, to recover for personal injuries sustained when the automobile which she was driving collided with a motor grader being used in connection with highway grading work. The first trial of this case resulted in a jury verdict for the plaintiff against only Lee and Jones, which the trial court set aside as to them and ordered a new trial for errors in the instructions to the jury. On the second trial the trial court set aside a jury verdict against Lee and Jones on the grounds that as a matter of law neither defendant was guilty of negligence causing plaintiff's injuries, and that the plaintiff was guilty of "con-

tributory negligence" which proximately caused or contributed to the accident. Final judgment was entered for Jones and Lee, and we granted plaintiff a writ of error to the judgment.

The controlling question presented is whether the trial court erred in setting aside the jury verdict and in entering judgment for the defendants.

The collision occurred at 11:40 a.m. on November 21, 1967, on U.S. Route 60, about six miles east of Amherst, at the site of work by a State Highway Department crew which was dumping loose material and spreading it to build up the north shoulder of the highway. U.S. Route 60 runs generally east and west at the point of the accident. The overall width of the hard surface of the highway was 21 feet.

Before the Highway Department crew began its work on the morning of the collision, defendant Lee, a laborer for the department, placed a "Men Working—25 M.P.H." sign with a flag on it on the north side of the highway, approximately 1500 feet east of the scene of the accident. The speed limit at the point of the collision was normally 55 miles per hour.

The motor grader had a flashing light on its cab, and it was operated by defendant Jones. In performing the work, Jones backed the grader on and off the roadway to spread the material on the north shoulder. While the left rear wheel of the grader was on the hard surface of the road Jones saw a westbound tractor-trailer come around a sharp curve, downhill, about 300 feet east of the site of the grading operations. At that time Jones stopped the motor grader with its left rear wheel encroaching three feet on the hard surface of the roadway. In passing the motor grader the tractor-trailer swung across the double dividing line of the highway into the eastbound lane, and in the process stirred up some dust from the dirt on the highway. Jones said that when he looked around after the tractor-trailer had passed, he saw plaintiff's car "sliding seven or eight feet" away from the motor grader before crashing into it.

For some time prior to the collision defendant Lee had been flagging traffic approaching the site of the grading operations. He also assisted in the dumping operations and swept loose material off the highway as the work progressed. Just before the collision occurred he was directed by E. W. Critzer, his supervisor, to stop flagging and start sweeping the road east of the accident scene. He was walking up the road with a broom in his hand when the accident occurred. He saw plaintiff when she passed him in her automobile

50 to 60 feet from the point of the accident. He heard her brakes but did not see the impact. He estimated the speed of her car to be 50 to 60 miles per hour. He said her car was traveling "real close" behind the tractor-trailer. The tractor-trailer kicked up some dust as it passed the grader but he never lost sight of the grader, with its flashing light, from his position on the side of the road.

State Trooper H. L. Newman arrived at the scene of the accident within thirty minutes of its occurrence. He measured 66 feet of skid marks leading from the back wheels of plaintiff's car to the point where it struck the motor grader. He said that the light was flashing on the motor grader and he saw the "Men Working—25 M.P.H." sign on the side of the highway before arriving on the scene of the accident. The left rear wheel of the grader was three feet on the hard surface of the highway. Some time after the accident plaintiff told him that she was traveling at a speed of 35 miles per hour.

At the trial plaintiff testified that her speed was 40 to 45 miles per hour. She was familiar with the highway and had driven over it many times. She refused to estimate the distance she was following behind the tractor-trailer, but said she felt she was a safe distance. She had not seen the "Men Working—25 M.P.H." sign. She said she was blinded by the cloud of dust swept up when the tractor-trailer passed the motor grader. She did not see the grader or the flashing yellow light mounted on its cab before the impact, and did not remember applying her brakes.

Ordinarily questions of negligence, contributory negligence, and proximate cause are for determination by a jury. But where reasonable men may not disagree on the facts and the inferences drawn therefrom, they became questions of law for the court. *Talley* v. *Draper Construction Co.*, 210 Va. 618, 622, 172 S.E.2d 763, 766 (1970); *Finck* v. *Brock*, 202 Va. 948, 951, 121 S.E.2d 373, 375 (1961).

Here the evidence shows that the accident occurred in broad daylight. The "Men Working—25 M.P.H." sign was located approximately 1500 feet east of the point where plaintiff's car crashed into the motor grader, and was clearly visible to drivers of motor vehicles traveling west before and after the collision. She thus received ample warning that construction work was in progress on the highway and that her speed should be reduced to 25 miles per hour. Plaintiff's statement that she did not see the sign is merely negative testimony and is indicative of the fact that she was not keeping a proper lookout. Her statement to the State trooper, and

her own testimony at the trial, show that she was traveling at a speed in excess of that permitted by law. Plaintiff failed to heed the sign and to keep her car under proper control. The negligence of the plaintiff and its causal connection with the accident are perfectly plain, and reasonable men should not disagree. She was thus guilty as a matter of law of negligence which proximately caused or contributed to the accident.

For the reasons stated, the judgment is

*Affirmed.*