## Richmond

JAMES HENRY HENLEY v. MARGARET WEIMER DAVENPORT.

April 23, 1973.

Record No. 8085.

Present, All the Justices.

*Allan S. Reynolds* (*White, Reynolds, Smith & Winters*, on brief), for plaintiff in error.

*Melvin Friedman* (*Steingold, Steingold & Friedman*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Margaret Weimer Davenport brought this action to recover damages for personal injuries received when her automobile collided with a truck operated by James Henry Henley. A jury trial resulted in a verdict for Mrs. Davenport for $12,500. To the judgment entered on the verdict we granted Henley a writ of error. The only question for our determination is whether Mrs. Davenport was contributorily negligent as a matter of law and thus barred from recovery.

The accident occurred about 9:30 a.m. on January 5, 1970, a clear, sunny day. Mrs. Davenport was operating a Chevrolet automobile in the City of Norfolk eastwardly on Route 44, also known as the Norfolk-Virginia Beach Expressway, in her right-hand lane of three eastbound lanes of travel, about 500 feet west of the Newtown Road exit. Her vehicle struck the rear of a three-ton dump truck belonging to

the State Department of Highways and being operated by Henley in an easterly direction in the same lane.

The evidence shows that Mrs. Davenport, having just entered the Expressway from Interstate Route 64, was driving about 60 miles per hour in the right-hand lane and intended to leave the Expressway by turning to her right into the Newtown Road exit. She testified that she first saw the dump truck proceeding westwardly on the Expressway. It turned to its left into a crossover in the median strip "for emergency and authorized vehicles only", stopped, then crossed the left-hand paved shoulder, left-hand and center eastbound lanes, turned left again and proceeded eastwardly in the right-hand lane at 20 to 25 miles per hour. Mrs. Davenport further testified that as the truck started across the left-hand lane she took her foot off the accelerator and placed it on the brake, thereby slightly reducing her speed. When the truck entered the center lane she further reduced her speed by applying the brakes "a little harder", and when it came into her lane she "applied the brakes hard" but "just couldn't stop". Her automobile was in good mechanical condition, and Mrs. Davenport was a professional bus driver.

Asked if there was anything she could have done to avoid the accident Mrs. Davenport replied in the negative, explaining that since there was traffic behind her as she entered the Expressway from Interstate 64, she stayed in the right-hand lane. On cross-examination she reiterated that she did not turn to her left to avoid the truck "because of the cars coming up from behind me". Mrs. Davenport also said that the truck crossed the eastbound lanes at an angle and reached the right-hand lane 25 to 30 feet east of the crossover. She acknowledged that the paved shoulder adjoining the right-hand lane of travel was clear and that there were no vehicles beside her to her left.

The investigating officer, State Trooper J. E. Giovannetti, testified that skid marks made by Mrs. Davenport's vehicle extended eastwardly for 70 feet to debris 100 feet east of the emergency crossover. He estimated that the crossover was visible to the driver of an eastbound vehicle for approximately two-tenths of a mile.

Kibler Casson, a witness for Henley, testified that he was riding in the back of the truck; that when the truck turned east in the right-hand lane he saw the Davenport car "a good distance from the truck"; that he saw Mrs. Davenport looking for something in her car (an assertion denied by her); that after she "raised up", she "hit" her brakes, but it was "too late" and she ran into the truck. Casson was one of

four prisoners in a work detail being transported by Henley when the accident occurred.

Counsel for Henley argues from the uncontradicted evidence that Mrs. Davenport's actions constituted contributory negligence as a matter of law, relying on *Richmond Greyhound Lines, Inc.* v. *Brown*, 203 Va. 950, 128 S.E.2d 267 (1962), and *Yellow Cab Co.* v. *Gulley*, 169 Va. 611, 194 S.E. 683 (1938). These cases, however, are readily distinguishable on their facts. In *Brown*, we held that it was contributory negligence as a matter of law for one to drive on a clear night into the rear of a lighted bus stopped partly on the highway when he had a clear and unobstructed view of the bus for more than 400 feet. In *Gulley*, we held that a driver was contributorily negligent as a matter of law when he continued at a constant speed into an intersection on a collision course with a vehicle approaching from the right at excessive speed until the vehicles collided in the intersection.

Both cases come within the exception to the rule that negligence, contributory negligence and proximate cause are generally questions for determination by a jury. *Hagan* v. *Hicks*, 209 Va. 499, 503, 165 S.E.2d 421, 425 (1969). Only when reasonable men could reach but one conclusion from the facts and the inferences drawn therefrom, do these become questions of law for the court. *See Shelley* v. *West, etc.*, 213 Va. 611, 194 S.E.2d 899 (1973); *Mitchell* v. *Lee*, 213 Va. 629, 194 S.E.2d 737 (1973).

We believe that reasonable men could differ whether Mrs. Davenport was guilty of negligence which proximately caused or contributed to cause the accident in which she was injured. If the jury had accepted Henley's version of the accident as related by the testimony of his witness, Casson, it must necessarily have found that Mrs. Davenport was negligent in failing to maintain a proper lookout, and that her negligence was the proximate cause or contributing cause of the accident. But the jury, as it had a right to do in determining the credibility of witnesses, rejected Casson's testimony.

Mrs. Davenport's testimony, which could be and was accepted by the jury, shows that as she was proceeding at a fast but lawful rate of speed on a high-speed highway, she saw the dump truck stop where the crossover ends at the Expressway. Although she slowed down as the truck slowly crossed the first two eastbound lanes and applied her brakes hard when it entered her lane, she could not avoid running into the rear of the truck. By her account the accident was caused by the negligence of Henley in driving onto the Expressway and into

the right-hand lane in front of her when he knew, or should have known, that her vehicle was too near for him to do so safely. And Henley's negligence, established by the jury verdict, is no longer in issue.

Mrs. Davenport explained her failure to turn to her left to pass the truck by the presence of other vehicles behind her. She gave no reason for not turning to her right onto the shoulder of the Expressway, but the jury could have concluded that this was not a reasonable alternative.

It was peculiarly a matter for the jury to determine whether Henley's or Mrs. Davenport's version of how the accident happened was correct. *Davis v. Webb*, 189 Va. 80, 84-85, 52 S.E.2d 141, 143 (1949). It was also a jury question whether, based on her own testimony, Mrs. Davenport's actions were those of a reasonable person under the circumstances. The jury resolved these questions in her favor. Therefore, the trial court committed no error in approving the jury verdict, and the judgment will be

*Affirmed.*