## �export: Richmond

### LENA JORDAN

### V.

### JOHN WILL JORDAN

August 30, 1979.

Record No. 771360.

Present: All the Justices.

*Frank O. Meade (Meade, Tate & Daniel,* on brief), for plaintiff in error.

*Coleman B. Yeatts, Sr. (Yeatts, Overbey & Yeatts,* on brief), for defendant in error.

PER CURIAM.

Plaintiff, John Will Jordan, obtained a jury verdict of $6,000 for personal injuries suffered as a result of being struck by an automobile operated by his wife, Lena Jordan, the defendant. Judgment was entered on the verdict.

The defendant contends that the evidence was insufficient to establish actionable negligence, and that plaintiff was contributorily negligent.

The evidence shows that in the early afternoon of September 14, 1976, the Jordans drove to the home of a friend to pay a social visit. The plaintiff was also interested in talking with Louis Calland, who was at the friend's farm, concerning employment for the following day. Upon their arrival at the friend's home, defendant, who was driving, backed her automobile into the driveway and parked it under a tree next to the house. The automobile was parked at a slight angle so that the rear of the vehicle was two to four feet from the house and the front of the car was slightly farther from the dwelling.

Plaintiff entered the home with his wife, but left fifteen minutes later. After waiting outside for more than two hours for his wife, plaintiff went back into the house and asked her whether she was ready to leave. When she told him that she was not ready, he again left the house.

Defendant, called as an adverse witness, testified that she left the friend's home by the front door approximately forty-five to fifty minutes after she had told her husband that she was not ready to leave. When she left the house, she looked for her husband but did not see him. She assumed that he had become angry and walked home through the woods, since such a walk took only five minutes. After she unlocked the door on the passenger's side of the car, she entered the automobile, closed the door, and slid across the seat to the driver's side. She started the motor and backed up in order to avoid a hole in the driveway and a truck that had been parked nearby.

The car struck her husband after she had backed up one and one-half to two feet. She testified that she did not look behind her or use the rearview mirror before backing her car, and that she could not have seen her husband if she had looked immediately before backing because of his "squatting position" behind the car.

The plaintiff testified that he squatted down approximately three to four feet behind the left back side of the car about twenty to thirty minutes before his wife came out of the house and entered her automobile. He was looking toward the barn so he could see Calland when he came toward the house. The plaintiff said that he did not hear his wife leave the home and bid her friend good-bye, nor did he pay attention to the sound of the car door closing. The plaintiff attempted to move only after hearing the car engine start. When he stood up, the car knocked him down and ran over him. He sustained a broken leg, a fractured hip, and minor injuries.

■ To constitute actionable negligence, there must be a legal duty, a breach thereof, and a consequent injury which could have been reasonably foreseen by the exercise of reasonable care and prudence. *Bartlett* v. *Recapping, Inc.,* 207 Va. 789, 793, 153 S.E.2d 193, 196 (1967); *Atlantic Company* v. *Morrisette,* 198 Va. 332, 333, 94 S.E.2d 220, 221-22 (1956). Negligence cannot be presumed from the mere happening of an accident, and the burden is on the plaintiff who alleges negligence to present evidence of preponderant weight from which a jury can find that the defendant's negligence was a proximate cause of the accident. *Colonial Motor Freight* v. *Nance,* 216 Va. 552, 559, 221 S.E.2d 132, 137 (1976); *Bare* v. *Jones,* 206 Va. 848, 851, 147 S.E.2d 145, 147 (1966).

■ Negligence, contributory negligence, proximate cause, and foreseeability are ordinarily questions for the jury; but when reasonable men could not disagree on the facts and inferences drawn therefrom, such issues become questions of law for the court. *Henley* v. *Davenport,* 213 Va. 803, 805, 196 S.E.2d 1, 3 (1973); *Mitchell* v. *Lee and Jones,* 213 Va. 629, 631, 194 S.E.2d 737, 739 (1973).

■ In the present case, reasonable men could not differ on the question of whether the defendant exercised reasonable care and prudence before backing her automobile. When defendant came out of her friend's home, she looked around for her husband but did not see him anywhere. When she did not see him, it was not unreasonable for her to conclude that he had angrily left the premises and walked home. The duty to inspect behind or under a vehicle arises only when, under the circumstances and conditions then existing, a person knows or should have known of potential danger. *See Wright*

v. *Kelley,* 203 Va. 135, 140, 122 S.E.2d 670, 675 (1961). *Accord, White* v. *Edwards Chevrolet Co.,* 186 Va. 669, 43 S.E.2d 870 (1947). Since the defendant could not reasonably have foreseen that the plaintiff, an adult, had put himself in a dangerous position behind the car, we hold that no duty of inspection arose.

The failure of the defendant to look in the rearview mirror at the very moment she started the engine and moved her car backward does not constitute actionable negligence under the evidence here. There is no evidence that the defendant could have seen the plaintiff if she had looked in the rearview mirror. Indeed, the uncontradicted testimony of the plaintiff indicates that her looking in the rearview mirror would not have detected his presence. Since there is no evidence to suggest that the defendant could have seen the plaintiff, we conclude that the defendant's failure to look in the rearview mirror did not cause the plaintiff's injuries and, therefore, does not constitute actionable negligence.

For the reasons stated, the judgment of the court below will be set aside and final judgment entered here for the defendant.

*Reversed and final judgment.*