361 S.E.2d 125 (1987)
Gerald Edward DESKINS
v.
T.H. NICHOLS LINE CONTRACTOR, INC., et al.
Record No. 841507.
Supreme Court of Virginia.
October 9, 1987.
Timothy W. McAfee (Cline, McAfee & Adkins, Norton, on brief), for appellant.
Carl C. Gillespie, Jr. (Gillespie, Hart, Altizer & Whitesell, P.C., Tazewell, on brief), for appellees.
Present: All the Justices.
CARRICO, Chief Justice.
In this negligence case, Gerald Edward Deskins (Deskins) was injured when the motorcycle he was operating was struck by a van owned by T.H. Nichols Line Contractor, Inc. (Nichols), and driven by its employee, Thomas Fuller, Jr. (Fuller). A jury awarded Deskins $45,000 in damages, but the trial court set the verdict aside and entered final judgment in favor of Nichols and Fuller.
Because the jury verdict in this case has been disapproved by the trial judge, it is not entitled to the same weight as a verdict which has been approved. Cloutier, Adm'r v. Gas Corp., 202 Va. 646, 651, 119 S.E.2d 234, 237 (1961). Even so, we must consider the evidence in the light most favorable to Deskins, who was the recipient of the verdict. Neighbors v. Moore, 216 Va. 514, 515, 219 S.E.2d 692, 694 (1975).
The accident occurred about 5:00 p.m. on October 1, 1980, on State Route 618 in Buchanan County. The weather was clear and the road surface dry. Route 618 is a two-lane, hard-surfaced road approximately 18-feet wide with no marked center line. Although it is not clear from the record, *126 Route 618 apparently runs generally east and west.[1]
On the date in question, Deskins visited his mother, Agnes Hyatt, at her home on the north side of Route 618. When the visit ended, Deskins drove his motorcycle along Mrs. Hyatt's driveway to a point one foot from the northern edge of Route 618. From this point, a "blind curve" in Route 618 to the east, or Deskins' left, limited his visibility to 100 feet.
Deskins brought his motorcycle to a stop and looked first to his left, then to his right, and back to his left. Seeing nothing approaching from either direction, he pulled onto the highway, planning to turn to the left and travel east on Route 618.
About the same time, Fuller was proceeding westwardly on Route 618. As he emerged from the "blind curve," he saw Deskins entering the highway from the right. Fuller turned his vehicle to the left and applied his brakes.
Deskins testified that Fuller struck him broadside "right in the middle" of the road. Deskins also marked the point of impact on a photograph of the accident scene, indicating the impact occurred "right about the middle of that road."
The impact knocked Deskins from the motorcycle and "over the bank" on the north side of the road. Fuller's vehicle came to rest on its left side of the road after laying down 45 feet of skidmarks.
Deskins also testified that he did not see Fuller's van until a moment before the impact, when the vehicle was "already on [him] and sliding." For this reason, the trial court refused to allow Deskins to testify concerning Fuller's speed.[2] Mrs. Hyatt, who was standing in her driveway when the accident occurred, said Fuller was "traveling fast" and "sliding" when she first saw him, but she could not give an estimate of his speed. Fuller placed his speed at 30 to 35 miles per hour as he approached the point where the accident occurred.
Deskins first contends the trial court erred in refusing to permit Mrs. Hyatt to testify that the accident occurred in the eastbound lane of Route 618 substantially south of the location "in the middle" of the road where Deskins' testimony placed the point of impact. Deskins argues the trial court improperly applied Massie v. Firmstone, 134 Va. 450, 114 S.E. 652 (1922), in ruling that Mrs. Hyatt's testimony was inadmissible.
Deskins salutes the rule established in Massie v. Firmstone that a litigant "cannot be heard to ask that his case be made stronger than he makes it, where ... it depends upon facts within his own knowledge and as to which he has testified." Id. at 462, 114 S.E. at 656. Deskins maintains, however, that the Massie v. Firmstone rule does not apply to "mere estimates of fact, such as speed and distance," and that his placement of the point of impact was a mere estimate which did not bar him from showing by his mother's testimony that the impact occurred farther into the eastbound lane of Route 618.
We disagree with Deskins. While we have said that Massie v. Firmstone does not apply to "mere estimates of fact, such as speed and distance, or to other statements of opinion," Hogan v. Carter & Grinstead, 226 Va. 361, 370, 310 S.E.2d 666, 671 (1983), Deskins' testimony concerning the point of impact amounted to more than a mere estimate or opinion. The testimony constituted an unequivocal statement of a fact within Deskins' knowledge, and he is bound by his testimony. Hodnett v. Friend, 232 Va. 447, 450-51, 352 S.E.2d 338, 340 (1987); Baines v. Parker and Gladding, 217 Va. 100, 106, 225 S.E.2d 403, 408 (1976).
Deskins next contends that the trial court erred in setting aside the jury verdict in his favor. Deskins argues that his evidence *127 showed Fuller failed to drive his vehicle at a reasonable speed and failed to keep the vehicle under proper control. From the evidence, Deskins maintains, the jury could have found that because of Fuller's excessive speed, he could not keep his vehicle in its proper lane of travel but drove into the opposite lane and struck Deskins' motorcycle. Deskins says that once he established that he was struck in his own lane of travel, he established a prima facie case of negligence.
Again, we disagree with Deskins. The physical evidence does not permit an inference of excessive speed on Fuller's part. The only indication that Fuller may have been operating at an excessive speed appeared in the testimony of Mrs. Hyatt, Deskins' mother.
Mrs. Hyatt stated merely that Fuller was "traveling fast." She saw Fuller's vehicle for only an instant before the impact, and she could give no estimate of its speed. "[I]t is doubtful that such [an] indefinite and relative [expression is] proof of excessive speed." Fletcher, Adm'r v. Horn, 197 Va. 317, 321, 89 S.E.2d 89, 92 (1955).
It is also questionable whether Deskins is entitled to rely upon the rule that a prima facie case of negligence is established upon proof that an accident occurred in the plaintiff's lane of travel. See Interstate Veneer Co. v. Edwards, 191 Va. 107, 112-13, 60 S.E.2d 4, 7 (1950). As noted previously, Deskins did not establish that the impact occurred in his lane of travel; he said the accident occurred "right in the middle" of the road. Furthermore, Deskins offered instructions which would have submitted to the jury his theory that Fuller was negligent for crossing into the opposite lane of travel, but the trial court refused these instructions, and Deskins has not assigned error to the refusal.[3]
It is problematical, therefore, whether Deskins established any negligence on the part of Fuller. But if he did, then, as the trial court observed, he "also [convicted himself] of negligence which would bar recovery."
Deskins was charged with the same knowledge as Fuller concerning the dangerous condition created by the presence of the "blind curve" located to the east of the Hyatt driveway. Deskins had the same distance within which to observe Fuller as Fuller had to see him. Deskins had at least as much opportunity as Fuller to avoid the accident. Indeed, if anything, Deskins' opportunity was greater; he proceeded from a stopped position off the hard surface of the road and should have been able to bring his motorcycle quickly to a stop in order to yield to Fuller the right of way to which he was entitled.
Ordinarily, questions of negligence and contributory negligence are for the jury to decide. But where fair-minded persons should not disagree concerning the reasonable inferences and proper conclusions to be drawn from the evidence, the questions become matters for decision by the trial court. Jordan v. Jordan, 220 Va. 160, 162, 257 S.E.2d 761, 762 (1979); Henley v. Davenport, 213 Va. 803, 805, 196 S.E.2d 1, 3 (1973).
On the evidence in this case, we think fair-minded persons should not disagree concerning the proposition that Deskins was negligent and that his negligence contributed to cause his injuries. Accordingly, we will affirm the judgment of the trial court.
Affirmed.
STEPHENSON, J., dissents.
STEPHENSON, Justice, dissenting.
I respectfully dissent.
As I read its opinion, the majority does not hold that the evidence is insufficient to establish that Fuller was negligent. Instead, the majority holds that Deskins was contributorially negligent as a matter of law. I do not agree.
*128 The majority correctly notes that before entering the highway "Deskins brought his motorcycle to a stop and looked first to his left [the direction from which Fuller approached], then to his right, and back to his left. Seeing nothing approaching from either direction, he pulled onto the highway."
I fail to see how such conduct can constitute negligence as a matter of law. What more could Deskins have done? Indeed, if the majority's position is correct, no one could enter the highway from Mrs. Hyatt's driveway without being negligent as a matter of law.
Because I conclude that negligence, contributory negligence, and proximate cause were properly submitted to the jury, I would hold that the trial court erred in setting aside the verdict. Accordingly, I would reverse the trial court's judgment, reinstate the verdict, and enter final judgment for Deskins.
NOTES
[1] The record does not establish the speed limit in effect at the time of the accident. The appellees state on brief that the speed limit was 55 m.p.h., and Deskins does not challenge this statement. The accident apparently occurred in open country where the speed limit normally would be 55 m.p.h. Code § 46.1-193(1)(c).
[2] Deskins does not argue this point on appeal.
[3] Because error has not been preserved to the trial court's ruling on instructions, we do not decide in this appeal whether a prima facie case of negligence is established by proof that a collision occurred in the plaintiff's lane of travel where, as here, the plaintiff's vehicle approached the other from the side of the road, rather than the opposite direction.