## CIRCUIT COURT OF HENRY COUNTY

Amanda Lelia Wagoner,
a minor, by her next friend,
Stacy Wagoner, and
Stacy Wagoner, individually
and in her own right

v.

Mildred Viola Brown et al.

August 7, 1997

Case No. CL96-172

BY JUDGE DAVID V. WILLIAMS

This matter has come to be heard on two separate issues: one, a motion to compel production of any statements made by defendant Brown to his insurance company; and two, a plea in bar filed on behalf of the defendant, School Board.

I turn first to the motion to compel. The plaintiffs and defendant Brown agree that the accident in question took place on December 5, 1995; that a letter of representation of plaintiffs by plaintiff's law firm was prepared and mailed on December 8, 1995; and that Allstate took a recorded statement from Brown on December 7, 1995. The defendant asserts the privilege of the work product doctrine.

The court would very much like to invoke some bright line rule in issues such as this, but I unfortunately come to the conclusion that each situation must be looked at on a case by case basis.

Based upon the facts of this case, I am of the opinion that the defendant has established that the statement in question was taken by Allstate in anticipation of litigation and is therefore not discoverable, absent a showing of substantial

need on the part of the plaintiffs. As plaintiffs have not met that burden, the statement is not discoverable and the plaintiff's motion to compel is denied.

I turn now to the defendants, Benson and School Board's plea in bar. The plaintiff's motion for judgment alleges that Teresa Benson, the driver of the school bus, was negligent in failing to direct the plaintiff to cross the road. (Para. # 8 and # 10.) The School Board is alleged to be responsible to the plaintiffs under the doctrine of *respondeat superior*. As part of this grounds of defense, both Benson and School Board filed a plea in bar claiming sovereign immunity.

As a general rule, the doctrine of sovereign immunity is alive and well in Virginia. The Virginia Tort Claims Act does not remove or diminish the sovereign immunity of counties, cities, or towns, and the courts of the Commonwealth have taken the view that *any* waiver of immunity must be construed narrowly. See, *Messina v. Burden*, 228 Va. 301 (1984), and *Hinchey v. Ogden*, 226 Va. 234 (1983).

Local School Boards have traditionally been accorded sovereign immunity in Virginia. See *Kellam v. School Bd.*, 202 Va. 252 (1960). Employees of the School Board enjoy the same immunity for torts involving only simple negligence. *Lentz v. Morris*, 236 Va. 78 (1988). See also *James v. Jane*, 221 Va. 43 (1980). However, Virginia Code § 22.1-194 does provide that, "In case the locality or the School Board is the owner, or operator through medium of a driver, of, or otherwise is the insured under the policy upon, a vehicle involved in an accident, the locality or School Board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury complained of ... and the defense of governmental immunity shall not be a bar to action or recovery."

The School Board's plea is based on three arguments: (1) hand signals do not constitute part of the operation of the bus; (2) the school bus, itself, was not involved in an accident; and (3) there is no valid and collectible insurance.

I begin with the third argument; that is, whether there is valid and collectible insurance in this case. The policy in question provides, "We will pay all sums anyone we protect legally must pay as damages caused by an accident covered by this policy. The accident must arise out of the ownership, maintenance, use, loading, or unloading of an auto we insure."

After reviewing the cases of *Erie v. Jones*, 248 Va. 437 (1994), *Stern v. Cincinnati Ins. Co.*, 252 Va. 307 (1996), *State Farm Mut. Aut. Ins. Co. v. Powell*, 227 Va. 492 (1984), and *State Farm Mut. Auto. Ins. Co. v. Rice*, 239 Va. 646 (1990), I am of the opinion that the accident in question did not arise out of the ownership, maintenance, use, loading, or unloading of the school bus. Therefore, there is no coverage, and sovereign immunity is not waived.