# CIRCUIT COURT OF ALBEMARLE COUNTY

Jude Wharton et al.

v.

Albemarle County
School Board

September 28, 1998

Case No. CL98-7407

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on Defendant Albemarle County School Board's Demurrer, which includes as a ground a bar under the doctrine of sovereign immunity. The Court heard argument by counsel on September 14, 1998, and took the matter under advisement to consult the authority cited. For the reasons set forth below, the Court finds that: (1) Plaintiffs' Motion for Judgment states a valid claim against the Albemarle County School Board for negligence; (2) barring a waiver of sovereign immunity under Va. Code § 22.1-194, the School Board is immune from the claim alleged; (3) the legislative intent regarding waiver under Va. Code §§ 22.1-194 and 22.1-190 is sufficiently clear to include the claim alleged, but (4) the issue cannot be decided without considering the language of the insurance policy to determine whether collectible insurance exists. Thus, the Court denies Defendant's Demurrer but may later sustain a plea of sovereign immunity if analysis of the policy reveals that no collectible insurance exists.

## Facts Alleged in the Motion for Judgment

On October 4, 1996, Plaintiff Jude Wharton, a student at Greer Elementary School, was asked to exit from the school bus' emergency door as part of a school bus evacuation drill. Following the instructions of school employees, Jude bent her knees and jumped from the bus emergency door. It was the job of two older students to assist Jude as she descended to the

pavement. They did not assist her correctly, and she fell striking her face and stomach on the pavement. As a result of this fall, Jude suffered, among other things, hospitalization with a lacerated liver.

Plaintiff Jude Wharton, by her next friend and mother, Loran Wharton, brings Count I of the Motion for Judgment against the School Board for negligence in conducting the school bus evacuation drill. In Count II, Jude's mother seeks damages from the School Board individually and in her own right for medical attention and medicines required to treat Jude.

### Discussion of Authority

#### 1. Negligence Claims

The Virginia Tort Claims Act provides that:

> the Commonwealth shall be liable for claims for money ... on account of ... personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of employment under circumstances where the Commonwealth or transportation district, if a private person, would be liable to the claimant for such damage, loss, injury, or death.

Va. Code § 8.01-195.3.

"To constitute actionable negligence, there must be legal duty, a breach thereof, and a consequent injury which could have been reasonably foreseen by the exercise of reasonable care and prudence." *Jordan v. Jordan*, 220 Va. 160, 162 (1979). The Court agrees with the Plaintiffs that the School Board owes a legal duty to students in its charge. However, the Court finds that the Board owes no independent duty to Plaintiff Loran Wharton in her own right. Since "[a] demurrer admits the truth of all material facts well pleaded, including facts expressly alleged and all reasonable inferences arising therefrom," *Grossman v. Saunders*, 237 Va. 113, 119 (1989), the Court finds that Plaintiff Jude Wharton has stated a valid claim against the School Board for the negligence of its employees acting within the scope of employment. Defendant's Demurrer is denied as to Jude's claim in Count I but granted as to independent claim of the mother in Count II due to lack of legal duty toward Loran Wharton in her own right.

## 2. *Sovereign Immunity Generally*

Sovereign immunity is extended to employees of state entities according to a four-part test:

1. the nature of the function performed by the employee;
2. the extent of the state's interest and involvement in the function;
3. the degree of control and direction exercised by the state over the employee; and
4. whether the act complained of involved the use of judgment and discretion.

*Messina v. Burden*, 228 Va. 301, 313 (1984) (*quoting James v. Jane*, 221 Va. 43, 53 (1980)), and *Stanfield v. Peregoy*, 245 Va. 339, 342 (1993). Applying these criteria, the Court finds that, absent a statutory waiver, sovereign immunity would properly extend to the School Board for the negligence of its employees in conducting emergency school bus evacuation drills.

## 3. *Waiver Under Va. Code §§ 22.1-194 and 22.1-190*

Va. Code § 22.1-194 provides that:

In case the locality or the school board is the owner ... or otherwise is the insured under the policy upon a vehicle involved in an accident, the locality or school board shall be subject to action up to, but not beyond, the limits of valid and collectible insurance in force to cover the injury complained of ... and the defense of governmental immunity shall not be a bar to action or recovery.

The School Board insists that the statutory language of "a vehicle involved in an accident" can only be interpreted to apply to vehicles involved in a collision. The Court notes, however, that the General Assembly has seen fit to require insurance on all vehicles, where "'[v]ehicle' means any vehicle owned or operated by ... a county, city, town or school board in which any school pupils or personnel are transported at public expense to or from any public school." Va. Code § 22.1-188(1).

Va. Code § 22.1-190(A) requires that:

[e]very vehicle shall be covered in a policy of liability and property damage insurance issued by an insurance carrier authorized to transact business in the Commonwealth, in the amounts of at least $50,000 for injury, including death, to 1 person ... [and] provide for medical expense payment coverage in the minimum amount of $1,000.

Since § 22.1-194 explicitly references the "limits of valid and collectible insurance in force to cover the injury complained of," it seems appropriate to examine the policy, which the School Board is required by law to carry, to determine whether collectible insurance exists for this injury.

For example, in *Wagoner v. Brown*, 43 Va. Cir. 225 (1997), the School Board carried a policy providing that "the accident must arise out of the ownership, maintenance, use, loading or *unloading* of an auto we insure." *Id.* (emphasis added). Assuming that rational school boards would not pay for unnecessary insurance, it would be meaningless for the General Assembly to require school boards to carry insurance for accidents arising from unloading a bus if they simultaneously intended sovereign immunity to make such insurance unnecessary.

Since it appears that collectible insurance may exist for injuries relating to "a vehicle involved in an accident" other than a collision, the Court does not find Defendant's interpretation appropriate, even under the strict construction required of statutes in derogation of the common law. *Hyman v. Glover*, 232 Va. 140, 143 (1986).

### Conclusion

Defendant's Demurrer is overruled as to Plaintiff Jude Wharton's claim of negligence. The Court may nevertheless sustain a plea of sovereign immunity under Va. Code § 22.1-194 if no collectible insurance exists for this injury.