# CIRCUIT COURT OF DICKENSON COUNTY

Wanda Stevens,
Adm'x of the Estate of
Roy Stevens,
Deceased

v.

Beatrice Ann Byrd
and Haysi Lodge
No. 694 Hilltop
of the Loyal Order of Moose

August 9, 1999

Case No. CL 93-65

BY JUDGE KEARY R. WILLIAMS

This matter is before the Court upon the Defendant's Motion to Dismiss and Supporting Memorandum, Plaintiff's reply, and Defendant's subsequent Motion to Dismiss and Motion for Partial Summary Judgment on paragraphs 7, 9, 14, 15, and 16 of Plaintiff's Second Amended Motion for Judgment. Having heard oral arguments on May 27, 1999, and upon review of memoranda submitted by counsel and further review of the Haysi Moose Lodge bylaws, the Court now enters its final opinion with regards to these issues as follows.

The Court's decision focuses on two issues presented by counsel: (1) whether a special relationship existed between the Plaintiff and Defendant, Haysi Lodge, so as to impose a duty to protect the Plaintiff from the acts of

third persons; and (2) whether the Haysi Lodge bylaws are admissible at trial.

## I. *Special Relationship*

It is well established by case law in Virginia that determination of whether a duty exists is purely a question of law. *See Dun v. Seaboard & R. R. Co.,* 78 Va. 645 (1884); *Baltimore & O. R. Co. v. McKenzie,* 81 Va. 71 (1885); *Chesapeake & Potomac Tel. Co. v. Bullock,* 182 Va. 440, 29 S.E.2d 228 (1944); *Fox v. Custis,* 236 Va. 69, 74 (1988); *Burns v. Johnson,* 250 Va. 41, 45 (1995). Thus, determining whether a special relationship existed to impose a duty to protect the Plaintiff from the acts of third persons is properly before the Court at this juncture.

A special relationship must exist before a duty to control the conduct of a third person will arise. In *Gulf Reston, Inc. v. Rogers,* 215 Va. 155 (1974), the Virginia Supreme Court adopted the Restatement Second of Torts § 315 (1965). *Id.* at 158; *Klingbeil Management Group Co. v. Vito,* 233 Va. 445, 447-48 (1987). Section 315 states in part that there is "no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless ... (b) a special relationship exists between the actor and the other which gives to the other a right to protection." Sections 314(A) and 320 cite some specific examples of special relationship including a business invitor-invitee, carrier-passenger, and innkeeper-guest but indicates the list is not exclusive.

In *Wright v. Webb,* 234 Va. 527, 362 S.E.2d 919 (1987), the Supreme Court expressly refused to adopt § 314(A) which defines specific special relationships, indicating that previous citations of § 314(A) were only as reference to the section and not an adoption. *Wright* 234 Va. at 530, 362 S.E.2d at 921. Specifically, the Court stated "[o]ur statement in *Klingbeil* was simply a comment upon the reference in *Gulf Reston*" to § 314(A). *Id.* The Court declined to impose a duty of care upon a business invitor to "take positive action to protect his business invitee from assault by third parties while the invitee is on the business premises." *Id.* at 530. Instead, the Court created a different test and held that a business invitor does not owe a duty to protect an invitee against criminal assaults unless: (1) the method of business attracts or provides a climate for criminal assaults or (2) the invitor knows that "criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to an invitee."

Based upon case law in Virginia, this Court finds that no special relationship existed between the deceased, Roy Stevens, and the Haysi Moose Lodge. Haysi Lodge does not fall within either of the two exceptions stated in

*Wright.* First, the Lodge is not a business invitor that attracts or provides an environment for assaultive attacks. Second, the Lodge could not know that a criminal assault was about to occur nor were such occurrences regular so as to put the Lodge on some notice that a shooting would be an imminent probability of harm to the Plaintiff.

Further, this Court does not find that a custodial type relationship existed between the assailant, Beatrice Byrd, and the Defendant so as to impose liability upon the Defendant for her actions. In *Dudley, Adm'r v. OAR of Richmond, Inc.*, 241 Va. 270, 401 S.E.2d 878 (1991), the Court found that a special custodial relationship existed between the assailant, a convicted felon, and the Defendant, a Halfway House. The assailant was a convicted felon serving the remainder of his sentence at a Halfway House. *Id.* at 880. The felon escaped, raped, and killed a woman in a neighboring apartment building. Clearly, as the Court in *Dudley* determined, a special relationship existed which warranted liability for the escaped felon's actions because the Halfway House "took charge" and assumed custody of the felon. *Id.* at 881. It is apparent that the Lodge did not assume custody or take charge of Beatrice Byrd, the assailant. In addition, Plaintiff does not raise allegations that any special relationship existed between Byrd and the Defendant. Therefore, this Court finds *Dudley* inapplicable to this case.

Even if a special relationship were found to exist, the Defendant must know or have reason to foresee the specific danger of the injury to the Plaintiff. *A.H. v. Rockingham Publishing Co., Inc.*, 255 Va. 216, 495 S.E.2d 482 (1998). Since this Court does not find a special relationship in existence, the foreseeability issue raised by counsel with regard to a special relationship becomes moot.

## II. *Admissibility of the Lodge Bylaws*

Private rules are not admissible in Virginia as evidence "either for or against a litigant who is not a party to such rules." *Pullen v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983); *Virginia R. & P. Co. v. Godsey*, 117 Va. 167, 83 S.E.2d 1072 (1915). A party cannot fix a duty to others by private rules. *Godsey* at 168, 83 S.E. at 1073. Thus, internal safety rules cannot be admitted to establish a duty of care.

This Court previously distinguished the present case from *Godsey* and *Pullen* by ruling that the bylaws are not safety rules and, therefore, do not fall under the exclusion. However, upon further review of the bylaws and Virginia case law, this Court now characterizes the bylaws as largely rules of decorum

but recognizes that some of the rules are safety rules. For example, § 53.6 regarding the penalty for lethal weapons states as follows:

> Any member, other than a Law Enforcement Officer in the line of duty, having firearms or other lethal weapons on or in his possession in the Lodge social quarter, parking lot, or any other Lodge property, shall be expelled from the Order forthwith.

This rule is appropriately classified as a safety rule. Therefore, in accordance with *Pullen* and *Godsey* case law and Virginia public policy to encourage such safety rules, the rule is not admissible as evidence.

With regards to sections of the bylaws which are not safety rules *per se*, the Court now deems those inadmissible at trial based upon the following two grounds: (1) there is no causal connection between the Lodge bylaws and the Plaintiff's death and (2) under Virginia Rule of Evidence 403, the prejudicial effect outweighs any probative value.

In order to recover under negligence, there must be a causal connection between the negligence and the accident, and the burden to so prove rests solely upon the plaintiff. *Jordan v. Jordan*, 220 Va. 160, 257 S.E.2d 761 (1979). Where violation of a statute does not relate to the injury inflicted, the violation is immaterial. There must be some causal connection for the violation to be relevant. *Oppenheimer v. Linkous*, 159 Va. 250, 165 S.E. 385 (1932); *Goff v. Jones*, No. 98-1558-A (April 28, 1999, E.D. Va.). In addition, a court must examine the conditions at the time of the injury, not as they would exist if everyone discharged their duties or under different circumstances. *Farmer v. Chesapeake & O. R. Co.*, 144 Va. 65, 131 S.E. 334 (1926).

Although the Haysi Lodge did not have a statutory duty imposed upon it, internal decorum procedures were in place. By analogy, failure to follow internal procedures does not constitute negligence absent evidence of a causal connection. The fact that the Lodge failed to adhere to non-safety, internal procedures cannot establish negligence. Adherence to such internal procedures would not change the outcome of the circumstances at the Lodge, since the fact that the assailant was neither a member nor a member guest would not affect her entrance with the intent to commit an assaultive attack. Just as driving with a suspended license due to unpaid traffic tickets is not the cause of an accident, neither is deviating from internal bylaws the cause of the assault upon the Plaintiff. *See Goff v. Jones*, No. 98-1558-A (April 28, 1999, E.D. Va.).

Further, legal precedents dictate that a person is answerable for the natural and probable consequences of fault, but not for extraordinary and unforeseeable consequences. *Connell v. Chesapeake & Ohio Ry. Co. and Pullman Palace Car Co.*, 93 Va. 44, 24 S.E. 467 (1896). In *Connell*, the assaultive acts of a party were found unforeseeable. *Id.*[1] The Supreme Court has held that a proprietor is required to anticipate only reasonably probable happenings and is not an insurer of the safety of his patrons. *Whitfield v. Cox*, 189 Va. 219, 52 S.E.2d 72 (1949).

Applying case law to the present case, the assaultive actions the assailant embarked upon at the Haysi Lodge were not foreseeable. Ms. Byrd's actions were not the type one could reasonably anticipate. The Lodge had no knowledge of Ms. Byrd's intended conduct upon entry. Moreover, the Lodge is not an absolute insurer of an entrant's safety, either members or non-members, in the establishment. To allow such internal procedures to establish a standard of care would prove to make such establishments complete insurers of patron's or member's safety.

This Court recognizes that questions of proximate cause are normally reserved for jury determination. However, if the facts are not in dispute and reasonable men could not differ as to the inferences to be drawn from them, then the issue is appropriately determined as a matter of law. *Banks v. Richmond*, 232 Va. 130, 348 S.E.2d 280 (1986); *Hubbard v. Murray*, 173 Va. 448, 3 S.E.2d 397 (1939). In the present case, the causation issue is appropriately before the court. The facts pertaining to this issue are undisputed. Further, this Court finds that reasonable men could not differ as to inferences regarding causation between internal rules and causation on the part of Defendant, Haysi Lodge. Therefore, the internal bylaws of the Haysi Lodge are irrelevant and are to be excluded as evidence at trial.

In addition, this Court finds that any bylaws that may be relevant are excluded because their prejudicial effect outweighs any probative value. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Blain v. Commonwealth*, 7 Va. App. 10, 16, 371 S.E.2d 838, 842

---

[1] In *Connell*, the Defendants were not liable for the acts of a third person passenger on the train who shot and killed another passenger. The Supreme Court held that although a sleeping car company receiving passengers may be expected to protect the passenger against a crime likely to occur, it could not have anticipated or be expected to guard against murder. *Connell*, 93 Va. at 58, 24 S.E. at 469. Thus, no causal connection was found between the railroad's duties and the passenger's death. In addition, the Court held that requiring the railway to anticipate such a crime would necessitate reading the minds and motives of men. *Id.* at 59.

(1988). "Evidence is admissible if it is both relevant and material." *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "Upon finding that certain evidence is relevant, the trial court is then required to employ a balancing test to determine whether the prejudicial effect of the evidence sought to be admitted is greater than its probative value." *Id.* (quoting *Wise v. Commonwealth*, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988)).

In exercising the Trial Court's discretion to balance prejudicial effect against probative value, this Court determines further that any non-safety Haysi Lodge bylaws are inadmissible because they fail the balancing test. The bylaws would be prejudicial to the jury and create confusion of the issues. It would be difficult for the jury to exclude the bylaws as not establishing a standard of care upon their introduction at trial. Further, the jury would tend to perceive the bylaws as establishing a duty to protect Lodge members from unforeseeable third person acts contrary to Virginia case law. Therefore, all Haysi Lodge bylaws are excluded.

In conclusion, having found no special relationship to exist between the Plaintiff and Defendant and ruling to exclude the Lodge bylaws as evidence at trial, Defendant's Motion for Partial Summary Judgment is granted as to Paragraphs 7, 9, 14, 15, and 16 of Plaintiff's Second Amended Motion for Judgment.