# CIRCUIT COURT OF THE CITY OF NORFOLK

Karen Phillips

v.

BJ's Wholesale Club, Inc.,
and Barbara Harris

September 26, 2008

Case No. 08-1444

By JUDGE CHARLES E. POSTON

This matter is before the Court upon the Defendants' demurrer to the complaint. Having considered the parties' submissions and argument of counsel, the Court sustains the demurrer as to Defendant Harris and overrules the demurrer as to Defendant BJ's Wholesale Club, Inc.

*Factual and Procedural History*

Consistent with familiar principles, the facts will be stated in the light most favorable to the Plaintiff. On April 18, 2006, Plaintiff Karen Phillips' husband shot her on the property of her employer, BJ's Wholesale Club, Inc. This violent assault was the culmination of a continuing pattern of abusive and threatening behavior by her husband, and many of these preceding instances of abuse occurred on BJ's property. Once, Phillips' husband dragged her from the store by her hair, and, on many other occasions, store security personnel had removed Plaintiff's husband from BJ's property at the direction of Defendant, Barbara Harris, a BJ's manager. Just a few days before the final assault, Harris banned Plaintiff's husband from the store.

On April 18, 2006, the day of the assault, Mr. Phillips called Harris several times demanding to speak to his wife. During those calls, he also threatened to come to the BJ's store to find her, despite his having been banned from the premises. Later that day, Mr. Phillips entered the store, confronted Harris, and demanded to see his wife. He eventually exited the store, but remained in his vehicle in BJ's parking lot. When Plaintiff noticed her husband's vehicle in the parking lot, she attempted without success to call her sister, who was picking her up from work that night, to warn her of his presence. Shortly thereafter, her sister arrived, and Plaintiff's husband fatally shot her in the BJ's parking lot. He then entered the BJ's store, located his wife, and shot her also. Plaintiff survived the shooting, but sustained severe wounds.

On March 3, 2008, Plaintiff filed her complaint seeking damages for personal injuries in the Circuit Court for the City of Norfolk. Although she was injured by her husband's criminal acts, she alleges that the Defendants are also liable for her injuries. The complaint alleges that both BJ's and Harris breached their duty to protect and warn her of the danger posed by her husband. This duty, she asserts, exists because of a special relationship existing between her and the defendants.

On March 31, 2008, the defendants filed a Demurrer and a supporting memorandum, to which the Plaintiff filed a memorandum in opposition. On June 2, 2008, the Court heard argument on the demurrer.

## Legal Standard

A demurrer alleges that "a pleading does not state a cause of action, or . . . fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2008). In ruling on a demurrer, the "trial court is required to consider as true all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the facts alleged." *Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993). The filing of a demurrer, however, "does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A demurrer will be sustained when the pleading it challenges lacks 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment'." *Mark Five Construction, Inc. v. Castle Contractors*, 274 Va. 283, 287-88, 645 S.E.2d 475, 477 (2007) (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1, 3 (2006)).

## Discussion

### I. *Special Relationships: Employer and Employee*

The complaint alleges a duty arising from a special relationship between Plaintiff and the Defendants. The Supreme Court of Virginia has explained when such a special relationship may be found.

> Before any duty can arise with regard to the conduct of third persons, there must be a special relationship between the defendant and either the plaintiff or the third person. Examples of such a relationship between a defendant and a plaintiff include common carrier-passenger, business proprietor-invitee, and innkeeper-guest. And these examples are not exclusive. Another example of a special relationship is that of employer-employee with regard to the employer's potential duty of protecting or warning an employee.

*A.H. v. Rockingham Publ'g Co.*, 255 Va. 216, 220, 495 S.E.2d 482, 485 (1998) (citing Restatement (Second) of Torts § 302B, cmt. e(B) (1965)) (internal citations omitted). The Court in *Rockingham* held that the existence of a special relationship is a condition precedent for the imposition of a duty to warn or protect an employee from the tortious actions of a third party. Among the special relationships listed by the Court, the only one possibly relevant to these facts, is "employer-employee." *Id.* Therefore, no liability for failure to warn or protect Phillips can be imposed on BJ's or Harris absent a finding that either or both were in an employer-employee relationship with Phillips.

### II. *Liability of Manager Harris to Employee Phillips*

Virginia courts consider four factors when determining whether an employer-employee relationship exists.

> At common law, upon the question of whether the relationship of master and servant exists, there are four elements which are considered: (1) selection and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the servant's action.

*Smith v. Grenadier*, 203 Va. 740, 746, 127 S.E.2d 107, 112 (1962). Harris, like Plaintiff, was BJ's employee, although they had different duties. Obviously, she is not the Plaintiff's employer and does not pay any wages or salary to the Plaintiff.

Virginia courts also require that a contractual relationship exist between the parties before their relationship can be designated as one of employer-employee. *Humphrees v. Boxley Bros. Co.*, 146 Va. 91, 97, 135 S.E. 890, 892 (1926) ("[t]he relation of employer and employee can only exist by virtue of contract, express or implied."). See also the Virginia Workers' Compensation Act, which defines employee as "[e]very person . . . in the service of another under any contract of hire or apprenticeship, written or implied." Va. Code Ann. § 65.2-101 (2008). No express or implied contractual relationship exists between Harris and Phillips.

The relationship between Harris and Phillips fails to meet any of the definitions of employer-employee recognized in Virginia; therefore, no special relationship exists between them. Without a special relationship, there can be no liability for the acts of third parties. *A.H. v. Rockingham Publ'g*, 255 Va. at 220, 495 S.E.2d at 485. The complaint alleges no duty that Harris may have breached that is outside the scope of her authority as a manager for BJ's. The duty resulting from the special relationship arises from the employer-employee relationship, that is between BJ's and the Plaintiff. There being no special relationship existing between the Plaintiff and Harris, Harris' demurrer will be sustained and the complaint will be dismissed as to her.

## III. *Liability of Employer BJ's to Employee Phillips*

In contrast, an employer-employee special relationship that meets the Supreme Court's tests in *Grenadier* and *Humphrees* does exist between BJ's and Ms. Phillips. BJ's had the power to hire Phillips, paid her wages, could dismiss her, and had the power of control over her actions at work. *Grenadier*, 203 Va. at 746, 127 S.E.2d at 112. She also enjoyed a contractual employment relationship with BJ's. *Humphrees*, 146 Va. at 97, 135 S.E. at 892. The existence of this special employer-employee relationship between Plaintiff and BJ's imposes a duty on BJ's to protect her. "The employer must perform proper inspections to discover dangers in the place where employees are required to work, and after determining the existence of dangers the employer must take reasonable precautions for the employees' safety." *Norfolk and Western Ry. v. Hodges*, 248 Va. 254, 260-61, 448 S.E.2d 592, 596 (1994) (citing *Williams v. Atlantic Coast Line RR.*, 190 F.2d 744, 748 (5th Cir. 1951)).

Once a duty is established, the next question is whether the duty has been breached. This inquiry turns on foreseeability:

> Even though the necessary special relationship is established with regard to a defendant's potential duty to protect or warn a plaintiff against the criminal conduct of a third party, that duty, as in other negligence cases, is not without limitations. A court must still determine whether the danger of a plaintiff's injury from such conduct was known to the defendant or was reasonably foreseeable.

*A.H. v. Rockingham Publ'g*, 255 Va. at 220, 495 S.E.2d at 485. *See also Floyd S. Pike Elec. Contractor, Inc. v. Commissioner, Dep't of Labor & Industry*, 222 Va. 317, 322-23 (1981) ("[a]n employer . . . need not take steps to prevent hazards which are not generally foreseeable, including idiosyncratic behavior of an employee, but at the same time an employer must do all it feasibly can to prevent foreseeable hazards. . . ." (quoting *General Dynamics v. Occupational Safety & Health*, 599 F.2d 453, 458 (1st Cir. 1979))).

Plaintiff claims that, because the danger posed by her husband was foreseeable, BJ's should be held liable for its failure to warn. Whether injuries are foreseeable is ordinarily a question of fact. "Negligence, contributory negligence, proximate cause, and foreseeability are ordinarily questions for the jury; but when reasonable men could not disagree on the facts and inferences drawn therefrom, such issues become questions of law for the court." *Henley v. Davenport*, 213 Va. 803, 805, 196 S.E.2d 1, 3 (1973). When a court addresses this question on demurrer, the Plaintiff is "entitled to the benefit of all reasonable inferences that may be drawn from the facts alleged." *Hamlet v. Hayes*, 273 Va. 437, 439, 641 S.E.2d 115, 116 (2007). In this case, the facts pleaded in the complaint could support a finding by "reasonable men" that BJ's should have foreseen the assault. *Henley v. Davenport*, 213 Va. at 805, 196 S.E.2d at 3. Therefore, the case against BJ's may proceed, and its demurrer will be overruled.

## Conclusion

The Court will sustain Defendant Harris' Demurrer and dismiss the Plaintiff's case against her. Defendant BJ's demurrer will be overruled.